ROBERT POLLARD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Where the offense charged in a criminal prosecution is not in substance proven, the sentence may be reversed on writ of error.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Escambia County.

The facts in the case are stated in the opinion of the court.

*John P. Stokes,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The information charges that Robert Pollard on July 31, 1910, in Escambia County, Florida, "being the agent and servant of W. S. Garfield & Company, a corporation, did then and there by virtue of his employment as such agent and servant, receive and take into his possession one hundred tons of ice, of the value of six hundred dollars, of the property of said W. S. Garfield & Company, and did afterwards, to-wit, then and there embezzle and fraudulently convert the same to his own use, without the consent of said W. S. Garfield & Company." A verdict of guilty as charged was rendered and a judgment entered thereon as for a felony to which a writ of error was taken by Pollard.

It appears that the accused was employed by the company to peddle ice for it; that the ice was gotten from a third party's factory and a "slip" showing the quantity of ice delivered given each day to the defendant. In the afternoons the defendant would present to the company the "slip" showing the amount of ice received by him that day, and account for it in cash or in ice tickets sold by the company to its customers. It also appears that a large number of "forged" ice tickets were during several weeks paid in by the defendant in accounting for ice sold for the company; and that in accounting for ice sold the defendant turned in about $600 worth of "bad ice tickets."

The only specific evidence that the accused received or had in his possession ice belonging to the company is that in the afternoon of a certain day "he produced a slip show-

ing how much ice he had received for the account of the company, and turned in his cash and tickets in accordance therewith.    I discovered that $7.20 worth of the tickets were forged." The "slip" is not in evidence and there is nothing to show any quantity of ice delivered to defendant as the agent for the company. Nor does it appear that any particular quantity of ice of the value of $20.00 or more belonging to the company was in the possession of the defendant as its agent and was by him embezzled or fraudently converted to his own use. This being so the charge as made is not proven in substance or in form. Even if there is proof that ice of less value than $20.00 was embezzled, which would be a misdemeanor, the conviction is of a felony.

The judgment is reversed and a new trial awarded.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL J. J. concur in the opinion.