RYE MOODY AND HAMP HERRING, *Plaintiffs in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed June 18, 1918.

1   Where the only evidence of the guilt of persons charged with larceny, is that they were out hunting in the vicinity where the remains of a dead animal of the bovine species were found, from which most of the meat had been taken, and that one of the defendants had some beef in his lunch bucket, and one of them had beef for dinner, several days thereafter, and there is no proof of the ownership of the animal alleged to have been stolen, and none that anybody had lost one, the evidence fails to make out the offence charged.

2.   Where there is no substantial evidence upon which to find a verdict of guilt, the judgment will be reversed.

Writ of Error to Circuit Court for Lafayette County, M. F. Horne, Judge.

Judgment reversed.

*W. P. Chavous,* for Plaintiffs in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

BROWNE, C. J.—Rye Moody and Hamp Herring convicted in the Circuit Court of Lafayette County for the larceny of an animal of the bovine species, being either a cow or a heifer, or a steer, or a bull, seek reversal here on Writ of Error.

Motions to quash the indictment, in arrest of judgment, and for a new trial were overruled, and these rulings, together with matters connected with the introduction of testimony are assigned as errors. As the judgment will have to be reversed on the insufficiency of the testimony, there is no necessity to consider all the assignments.

Among other grounds, the motion for a new trial attacked the verdict because of the insufficiency of the evidence to support a verdict of guilty. The undisputed testimony is that these defendants were seen with guns about five or six miles from their home on Wednesday of a certain week; on the following Monday there was found in a pond, some bones of an animal of the bovine species, from which most of the meat had been cut off. The backbone, ribs, head and hoofs were not there and there was no testimony about the hide. None of these parts of the animal was found in the possession of either of the defendants. The day after they went hunting one of them had meat of some kind in his dinner pail, and gave a piece to one of the State's witnesses who is unable to say whether it was beef or venison. Another witness also ate some meat from the dinner pail of one of the defendants and testified that it was beef. Two

witnesses testified to having eaten beef in the home of one of the defendants on the Sunday after the remains of the dead cow were found in the pond. The defendants told two or three persons that they had killed a deer. There was no proof that anybody had lost an animal of the bovine species nor was there any proof of the ownership of the animal alleged to have been stolen, and the absence of the head, hide, hoofs, backbone and ribs of the animal found in the pond is unexplained.

The facts upon which these defendants were convicted are that they went hunting on Wednesday; that the remains of a dead yearling or small two-year-old calf were found on the following Monday; that on the day after they went hunting one of them had some beef in his dinner pail; and on the following Sunday one of them had beef for dinner.

Under this testimony any person or any number of persons, who went hunting four or five days before the dead animal was found, and who had beef for dinner on two intervening occasions could as well have been convicted of this offense. We think the testimony failed to show that a larceny had been committed or that either of these parties were guilty of the offense.

The judgment is reversed.

TAYLOR, WHITFIELD ELLIS AND WEST, J. J., concur.