J. N. DRIGGERS AND W. H. DRIGGERS, *Plaintiffs in Error,*
v. THE STATE OF FLORIDA, *Defendants in Error.*

Opinion Filed August 12, 1921.

Where the evidence is insufficient to sustain a‘ verdict finding accused person guilty, an order denying a motion for a new trial is error and the judgment will be reversed.

A Writ of Error to the Circuit Court for Lee County; George W. Whitehurst, Judge.

Reversed.

*Guy M. Strayhorn,* for Plaintiffs in Error;

*Rivers H. ·Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—Plaintiffs in error, J. N. Driggers and W. H. Driggers, were indicted, tried and convicted upon a charge of grand larceny. The property alleged to have been stolen is two Ford automobile rubber casings of the value of $15 each, and the property of Leroy L'Amoreaux. To review the judgment imposing sentence upon them writ of error was taken from this Court.

There are several assignments of error. One only of them requires consideration. Since the case is to be tried

again it may be well to say that none of the other assignments appear to be well taken. One of the errors assigned is the overruling by the trial court of the motion for a new trial. Among the grounds of this motion is one raising the question of the sufficiency of the evidence to support the verdict.

Viewed in its most favorable light from the State's standpoint, the evidence is insufficient to support a verdict finding both of the defendants guilty. A witness testified that the casings were found ''on Mr. Driggers' car.'' Assuming the ''Mr. Driggers'' mentioned to be one of the defendants, he was present at the time and may be said to have been in possession of the property alleged to have been recently stolen. The other defendant is shown not to have been present and there is no evidence in the record tending to show that he had any interest in the car. The father of the defendants seems also to have been present or near at hand when the casings were found on the car and so far as the evidence discloses the car may have belonged to him or to either or both of the defendants or to any one or more of the three persons to whom the designation ''Mr. Driggers'' might appropriately apply. As to the defendant not present, the evidence is insufficient to sustain a conviction. It also fails entirely to show which one of the defendants was present. Because of this condition of the record, if the evidence was otherwise sufficient as to one defendant, the judgment cannot be affirmed as to one and reversed as to the other because the evidence does not clearly identify which was in possession of the property when found and which one was not present.

Where the evidence is insufficient to sustain the verdict the judgment will be reversed. Moody *et al.* v. State, 76 Fla. 23, 79 South. Rep. 294; Middleton v. State, 74 Fla.

234, 76 South. Rep. 785; Newborn v. State, 73 Fla. 1064, 75 South. Rep. 581; Pollard v. State, 61 Fla. 44, 55 South. Rep. 380; McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Small v. State, 20 Fla. 780.

On another trial if evidence is available which more clearly identifies the casings introduced with those alleged to have been stolen it should be offered.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

ELLIS, J., Concurring.—The case should be reversed not only upon the ground stated in the opinion, but also because the record does not show that the defendants were arraigned, that they pleaded to the indictment, or that the jury was sworn. See Brown v. State, 29 Fla. 544.