## Robert Stephens v. State.

191 So. 294
Division A
Opinion Filed October 3, 1939

*R. G. Tittsworth,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

Buford, J.—We review on writ of error judgment of conviction of the crime of manslaughter alleged to have been committed by the accused in the negligent operation

of an automobile on a public highway, a street in the City of Tampa.

There were two counts in the information. The first count charged:

"That Robert Stephens late of the County of Hillsborough aforesaid, in the State aforesaid, on the 22nd day of May in the year of Our Lord, one thousand nine hundred thirty-eight with force and arms at and in the County of Hillsborough aforesaid, did unlawfully and feloniously drive and operate a motor vehicle, to-wit, an automobile, the same being a gasoline motor propelled vehicle, over a public street in the City of Tampa, State and county aforesaid, he, the said Robert Stephens being then and there, while so operating said automobile, intoxicated; and while so operating said automobile, he being then and there intoxicated, did unlawfully and feloniously drive, propel and operate the said automobile so as to collide with a certain other automobile on or near the intersection of Florida Avenue and Hiawatha Avenue in the City of Tampa, State and county aforesaid, and by colliding with said other automobile, did strike, wound and injure one Mary Elizabeth Templeton, and by thus striking the said Mary Elizabeth Templeton did inflict on and upon the head, body and limbs of the said Mary Elizabeth Templeton certain mortal wounds, from which mortal wounds she, the said Mary Elizabeth Templeton, did languish and die;"

The second count charged:

"That Robert Stephens, late of the county of Hillsborough aforesaid, in the State aforesaid, on the 22nd day of May, in the year of our Lord, one thousand nine hundred thirty-eight, with force and arms at and in the county of Hillsborough aforesaid, did unlawfully, by and through his own act, procurement and culpable negligence operate a cer-

tain automobile, a further description of which is to the Solicitor unknown, in such negligent, careless and reckless manner as to cause it to collide with a certain other automobile on or near the intersection of Florida Avenue and Hiawatha Avenue, in the City of Tampa, State and county aforesaid, and by colliding with said other automobile did strike, wound and injure one Mary Elizabeth Templeton, and by thus striking the said Mary Elizabeth Templeton, did inflict on and upon the head, body and limbs of the said Mary Elizabeth Templeton certain mortal wounds, from which mortal wounds she the said Mary Elizabeth Templeton, did languish and die."

The evidence was conflicting as to whether or not the accused was "intoxicated at the time of the collision" but the jury returned its verdict as follows:

"We, the jury, find the defendant, Robert Stephens, guilty as charged in the second count of the information. So say we all."

This verdict exonerated the accused of the charge contained in the first count of the information.

As we read the record, there is no substantial evidence tending to prove that the accused operated the automobile in any careless or negligent manner at the time and place of the collision. That a collision occurred tends to prove negligence on the part of someone, but the evidence falls short of being legally sufficient to fasten criminal negligence on the accused, unless he was at the time intoxicated, and of this he was determined by the jury to be *not guilty.*

"Where, because of the inclusive character of evidence of the crime of which the defendant was convicted, it appears that the ends of justice will be best subserved by a new trial, the judgment will be reversed and a new trial awarded. Knowles v. State, 86 Fla. 270, 97 So. 716."

See also Moody v. State, 76 Fla. 23, 79 Sou. 294; Crawford v. State, 85 Fla. 498, 96 Sou 837; Pollard v. State, 61 Fla. 44, 55 Sou. 380, and Howell v. State, 102 Fla. 612, 139 Sou. 187.

Because of the inconclusive character and weight of the evidence, we hold that the ends of justice demand a reversal of the judgment and remand of the cause for new trial.

So ordered.

Reversed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.