56 So.2d 543 (1952)
PRESTON
v.
STATE.
Supreme Court of Florida, Division B.
February 5, 1952.
Thomas W. Barnes and Daniel A. Naughton, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
This is an appeal from a judgment of conviction of the offenses of manslaughter and careless and reckless driving in the Criminal Court of Record for Duval County. The appellant was also charged with operating a motor vehicle while intoxicated and other offenses involving intoxication, but was exonerated of these offenses by the jury.
The charges arose out of a collision at a street intersection in the City of Jacksonville between an automobile being driven by appellant and an automobile being driven by another, as a result of which several passengers in the other car were injured. Julia Connelly, an elderly woman, was one of the injured passengers, and she died later on the same day of the collision.
The appellant here contends that the conviction of manslaughter by culpable negligence cannot stand for the reason that the evidence was insufficient to establish that appellant was guilty of culpable negligence, and also that the State failed to prove one of the essential elements of the corpus delicti, to wit, that the criminal agency of another person was the cause of Mrs. Connelley's death.
To sustain its charge of manslaughter by culpable negligence, the State introduced evidence to prove that the car in which the deceased was riding was proceeding westward on 11th Street in the City of Jacksonville, and entered the intersection of 11th Street and Franklin Street at a speed of between 10 and 15 miles per hour; that the car driven by the appellant was proceeding northerly on Franklin Street at a speed of 50 miles per hour; that appellant's car struck the other car broadside on the left-hand side, just a little back of center; that the force of the impact was sufficient to drive the other car obliquely in a northerly direction 25 feet; and that the speed limit at the intersection was 25 miles per hour. The record is, however, completely *544 silent as to traffic conditions or other hazards that would be relevant to the question of whether appellant's excessive speed was such as to constitute "culpable negligence" within the meaning of our manslaughter statute, Section 782.07, Florida Statutes, F.S.A.
The "culpable negligence" required to sustain a manslaughter charge must be of "a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them." Savage v. State, 152 Fla. 367, 11 So.2d 778, 779. And excessive speed alone is not necessarily culpable negligence sufficient to sustain a charge of manslaughter. State v. McComb, 33 Wyo. 346, 239 P. 526, 41 A.L.R. 717; State v. Thomlinson, 209 Iowa 555, 228 N.W. 80; State v. Campbell, 82 Conn. 671, 74 A. 927; People v. Gardner, 255 App. Div. 683, 8 N.Y.S.2d 917, 921. In the case last cited, the New York court said that "The test is not satisfied by proof of excessive speed amounting to negligence but by proof of speed of that character  if such was the case  and other circumstances which, as we have seen, together must show a reckless disregard by the accused of the consequences of his conduct and his indifference to the rights of others."
While the evidence did show that within a few minutes after the accident, approximately three thousand people who had "come from the Lee-Jackson game" were at the scene of the accident, we are not persuaded that this circumstance should take the place of direct, positive proof as to the condition of traffic and other hazards at the time the collision occurred. In a case of this kind, where the liberty of a citizen is at stake, and where the guilt of the accused must be established beyond a reasonable doubt, a conviction should not be sustained merely upon suspicious circumstances or conjecture. We think that the statement of this court in Stephens v. State, 140 Fla. 163, 191 So. 294, 295, is applicable here, to wit: "That a collision occurred tends to prove negligence on the part of someone, but the evidence falls short of being legally sufficient to fasten criminal negligence on the accused, unless he was at the time intoxicated, and of this he was determined by the Jury to be not guilty." And, as did this court in the Stephens case, we must hold that, because of the inconclusive character of the evidence, the ends of justice will be best served by reversing the judgment and awarding a new trial.
Our conclusion on this aspect of the case makes it unnecessary to decide whether the State failed to prove one of the essential elements of the corpus delicti, that is, that the death of Mrs. Connelley was caused by the criminal agency of the appellant.
It might be noted, however, that the State did not prove nor offer to prove any specific or particular wound, cut, injury, bruise, or blow suffered by Mrs. Connelly in the accident. It was shown only that she was alive five or ten minutes prior to the collision; that "she bumped her head, and she fell over" at the time thereof; and that she died before reaching the hospital. There is no testimony, either expert or inexpert, as to the cause of her death; nor did any witness testify that the force of the collision could have had or did have the fatal consequences upon which the charge against the appellant is based. While all the elements of the corpus delicti may be established by circumstantial evidence and reasonable inferences deducible therefrom, Hulst v. State, 123 Fla. 315, 166 So. 828, we know of no case  and none has been cited  where a mere coincidence of time and place between the act relied upon as causing the death, and the fact of the death, has been held sufficient to support a charge of manslaughter. But, as heretofore noted, we do not decide this question, as it is unnecessary.
For the reasons stated, the judgment is reversed and the cause remanded.
Reversed and remanded.
SEBRING, C.J., and CHAPMAN and MATHEWS, JJ., concur.