DAYTON, Associate Justice
(dissenting).
The appellant, Porter Harry Hall, was arraigned upon an information filed by the County Solicitor of Dade County in the Criminal Court of Record. The information contained four counts: (1) Assault with Intent to Commit Manslaughter by culpable negligence in the operation of a motor vehicle, (2) Assault with Intent to Commit Manslaughter by the operation of a motor vehicle while intoxicated, (3) Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, (4) Reckless Driving. Counts three and four *486 were Nolle Prossed, and Count Two was abandoned by the State during the trial. The jury returned a verdict of Guilty as to Count One whereupon the Court imposed a sentence of one year in the county jail, from which judgment and sentence this appeal is taken.
This prosecution grew out of an automobile accident in which three cars were involved and in which the State’s witness, Mrs. Billie Timmerman, was seriously injured. The Oldsmobile automobile in which Mrs. Timmerman was riding had driven off the pavement of Lejeune Road in Dade County for the purpose of changing a flat tire. The car had been proceeding south and was parked off the pavement on the right-hand side of the road. A second automobile, a Studebaker, which brought two repairmen from a service station had approached from the opposite direction and was parked off the pavement on the same side of the road facing the disabled vehicle. The lights on the Studebaker were burning to furnish light for the men who were working on the flat tire and were' shining in the direction of cars on the highway approaching from the north. Mrs. Timmerman was standing between the Studebaker and Oldsmobile when the Cadillac driven by appellant collided with the rear of the Oldsmobile causing it to move forward and strike Mrs. Tim-merman, throwing her on to the bumper of the Studebaker. She was severely injured, suffering the loss of her right leg and injuries to her pelvis.
Two police officers from Coral Gables investigated the accident, and although they were in disagreement as to the location of appellant at the time of their arrival at the scene, one testifying that appellant was in the rear seat of the Cadillac and the other stating that appellant was standing on the opposite side of the road, each officer stated that appellant denied being the operator of the Cadillac automobile and that appellant stated that one Johnny Haynes was the driver. Each officer also stated that in his opinion appellant was intoxicated, although one of the officers stated that while appellant staggered when he walked he answered the officer’s questions intelligently. Appellant later admitted that he was the driver of the Cadillac and that his story of Johnny Haynes being the driver was untrue.
Appellant testified that he had had one drink several hours before the accident; that he was not driving at a speed of more than 25 miles an hour; that upon approaching the scene he was blinded by the lights of the parked Studebaker as well as the lights of automobiles approaching from the opposite direction; that he diminished his speed and was in the act of pulling his car to the right to stop when he collided with the Oldsmobile; that he did not see the latter vehicle before he collided with it; that when he, being a Negro, saw that a white lady had been hurt he became frightened and told the police officers of another man being the driver of the Cadillac.
That there was a -regrettable accident in which Mrs. Timmerman was gravely injured is not disputed. However, “In a case of this kind, where the liberty of a citizen is at stake, and where the guilt of the accused must be established beyond a reasonable doubt, a conviction should not be sustained merely upon suspicious circumstances or conjecture.” Preston v. State, Fla., 56 So.2d 543, 544. There is no evidence of excessive speed, nor is it disputed that the Studebaker was parked on the wrong side of the highway with its lights shining in the direction from which appellant approached the scene. There is evidence that appellant at the time was under the influence of intoxicating liquors to some degree, although the second count of the information, which charged appellant with Assault with Intent to Commit Manslaughter While Intoxicated, was abandoned by the State during the trial, leaving only the charge of culpable negligence.
“The ‘culpable negligence’ required to sustain a manslaughter charge must be of ‘a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or *487 that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.’, Savage v. State, 152 Fla. 367, 11 So.2d 778, 779.” Preston v. State, supra.
This Court has held in Smith v. State, Fla. 65 So.2d 303, 306: “It is unlawful to drive a car while ‘under the influence of intoxicating liquors’ hut it is not manslaughter if one in such condition runs into and kills another unless ‘culpable negligence’ is shown. We have held that ‘testimony tending to show that a defendant, charged only with culpable negligence, was under the influence of intoxicants at the time of an automobile collision is admissible, on the theory that a driver so exhilarated is likely to be abnormally reckless.’ Taylor v. State, Fla. 46 So.2d 725. Such evidence, however, cannot make an act wanton and reckless that was not otherwise so. It is valuable and useful only to corroborate or render more likely, evidence that is doubtful or disputed.” (Emphasis added.)
It is, therefore, my opinion that the record here discloses no evidence sufficient to support the verdict and judgment of the Court below that appellant was guilty of “Culpable Negligence.”
The judgment of the lower Court should be reversed.