120 So.2d 206 (1960)
Alexander SHARP, Appellant,
v.
STATE of Florida, Appellee.
No. 1334.
District Court of Appeal of Florida. Second District.
May 6, 1960.
Rehearing Denied May 20, 1960.
Oakley G. Smith, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
SHANNON, Judge.
This is an appeal from a conviction of manslaughter, in a case tried without a jury below. The only question presented to us is whether or not the evidence in the case is sufficient to sustain the conviction.
The evidence established that the appellant was proprietor of a tavern known as the Hog Pen Bar. He was a large man, weighing approximately 240 pounds, and due to a previous leg injury he had difficulty in walking. On the night in question there were several people engaging in a fracas outside the bar, some on and some off the immediate premises. There was a good deal of scuffling, profanity and some hostility among them. The appellant first went out and warned the group to quiet down or leave. When this was unavailing he went back to the bar and came out with a shotgun.
The events that followed are not clear, and the testimony of the witnesses of the state is contradictory. Undoubtedly, one or two of the men in the group were armed and belligerent. It is also undisputed that the appellant's gun was the fatal weapon, although there is no indication that he had any reason or cause to shoot this particular victim.
The appellant testified that he stumbled, and that the gun fired accidentally. There is no direct testimony or any other fact from which we can properly infer that he did otherwise, and after a close study of *207 the record, we are forced to the conclusion that the state did not prove its case.
The state had the burden of proving to the exclusion of every reasonable doubt that the appellant was culpably negligent. It is on this point that this court finds from the record that the state did not meet the necessary proof, and we must reverse for a new trial.
Reversed and remanded.
ALLEN, C.J., and KANNER, J., concur.