291 So.2d 226 (1974)
Tommy Nixon PEEL, Appellant,
v.
STATE of Florida, Appellee.
No. S-257.
District Court of Appeal of Florida, First District.
March 12, 1974.
Rehearing Denied April 3, 1974.
*227 J. Robert Hughes, of Barron, Redding, Boggs & Hughes, Panama City, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Albritton, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was charged in Bay County by information with four counts of manslaughter  two charging culpable negligence in the operation of a motor vehicle and two charging operation of a motor vehicle while intoxicated. He was acquitted by the jury on the two intoxication counts but was found guilty on the two culpable negligence counts. He appeals his conviction on the latter two counts.
Appellant challenges the sufficiency of the evidence to support the verdicts and also contends the trial court erred in not giving an instruction requested by him.
The charges grew out of an intersection collision of appellant's pick-up truck with another vehicle in which the driver and passenger therein were killed. The accident occurred at approximately 5:00 to 5:30 p.m. on May 28, 1972 (Memorial Day), a clear day. Appellant was traveling in a northerly direction on Frankford Avenue when he entered its intersection with St. Andrews Boulevard (Highway 390). Frankford Avenue is marked with a stop sign at the intersection. The car of the decedents was proceeding westerly on St. Andrews as it entered the intersection. Appellant contends that he stopped before entering the intersection and then proceeded to turn right; that the decedents' car was in the south, or left hand lane of traffic on St. Andrews (which was appellant's lane of traffic); that as appellant was making the right turn he hit the side of decedents' car. There is no support in the record for defendant's statement that he stopped at the intersection other than his testimony. There is some support for his testimony that decedents were in the south lane of St. Andrews Boulevard. The highway patrol trooper who investigated the accident testified that the physical features indicated that the collision occurred in the south lane of traffic near the center of the intersection and one other witness testified that before reaching the intersection or at the intersection, decedents' car had passed or was passing another car, but such latter testimony is refuted by other witnesses. The jury evidently chose to believe the strong evidence in the record that appellant was traveling at 40 to 50 miles per hour as he approached the intersection, and did not stop or slow down on entering it. From all that appears in the record, appellant was not exceeding the speed limit.
As to appellant's drinking, the evidence shows that appellant was out riding around from place to place on Memorial Day. He had left Chipley about 1:30 p.m., went by Vernon, the Ebro Dog Track and on down to Highway 98 on the beach where he bought a six pack of beer. He went by the Main Casino Club for awhile and then left and drove back north to the intersection where the accident occurred. He stated in substance that the six pack was one beer short when he bought it; that he drank two of the cans during the course of the afternoon and had opened a third, but the third can had gotten warm so he put it on the truck floor. The Highway Patrol trooper found in the truck one empty can that had been opened by the tab, another empty with the tab undisturbed that had been torn open by the wreck and a full can. The truck had a smell of alcohol about it after the wreck but this is accounted for by the torn can and possibly *228 the open can on the floor. This is the extent of the evidence as to the quantity of alcoholic beverages appellant had consumed. An alcohol content blood test was given appellant but the reading obtained was not related in the evidence to any degree of intoxication of appellant. The doctor who treated appellant in the hospital emergency room testified, based purely upon his observations of appellant, that he was intoxicated. But the jury, as previously mentioned, found appellant not guilty of manslaughter by driving while intoxicated.
As above related, appellant, though not exceeding the speed limit, ran through a stop sign and collided with the decedents' car. As stated by this Court in Jackson v. State, Fla., 100 So.2d 839,
"... that defendant `had been drinking' or was to some degree under the influence is not proof of culpable negligence. Such evidence is admissible only upon the theory that persons under the influence of alcohol to any considerable degree, though not actually intoxicated, are more apt to be heedless, reckless and daring than when free from such influence; and, when standing alone, cannot make an act wanton and reckless that would not otherwise be so."
Unquestionably the failure of appellant to keep a proper lookout and his running through the stop sign was negligence, but we are of the view that such did not constitute that high degree of negligence required for a conviction of manslaughter. In Preston v. State, Fla., 56 So.2d 543, the Supreme Court defined the term "culpable negligence" as follows:
"The `culpable negligence' required to sustain a manslaughter charge must be of `a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.' Savage v. State, 152 Fla. 367, 11 So.2d 778, 779."
The Supreme Court in Preston went on to quote the following passage from Stephens v. State, 140 Fla. 163, 191 So. 294, 295:
"That a collision occurred tends to prove negligence on the part of someone, but the evidence falls short of being legally sufficient to fasten criminal negligence on the accused, unless he was at the time intoxicated, and of this he was determined by the Jury to be not guilty."
While we are reluctant to upset the Jury's verdict, the evidence presented in this case as to culpable negligence was not of such conclusive nature as to prove appellant's guilt of manslaughter by culpable negligence in the operation of a motor vehicle to the exclusion of and beyond every reasonable doubt. The jury evidently misunderstood or did not fully comprehend the court's charge on culpable negligence.
Appellant also contends that the trial judge erred in refusing to give a tendered instruction on Section 317.301(1)(b), Florida Statutes, F.S.A., which provides that no vehicle shall be driven to the left side of the roadway when approaching within 100 feet of or traversing any intersection. This statute would only be relevant to this case if the jury had believed appellant's version of the accident  that he stopped before entering the intersection and then turned right but found decedents' automobile in the south lane of St. Andrews Boulevard which he was turning into. If such were the facts, there would probably have been no negligence on appellant's part and the cause of the accident would have been decedents' negligence in running through the intersection on the wrong side of the road. Since, however, there was some evidence in the record for *229 the jury's consideration to support such version, the charge should have been given.
The remaining points initially raised in appellant's brief were abandoned at oral argument.
The judgment is reversed and the cause remanded for a new trial.
SPECTOR, Acting C.J., and BOYER, J., concur.