PER CURIAM.
Appellant, charged by information with two counts of manslaughter by culpable negligence and two counts of manslaughter while intoxicated, was convicted of the former charges but acquitted of the latter. From that conviction and the resulting sentence this appeal is taken. The issue for our resolution is whether the trial court erred in failing to grant appellant’s motion for directed verdict of acquittal on the manslaughter by culpable negligence charges. Upon examination of the entire record, we find that said motion should have been granted.
Negligence, sometimes referred to as “ordinary negligence” for the purpose of distinguishing it from culpable negligence, is defined in the Florida Standard Jury Instructions as follows:
“Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.”
The term “culpable negligence” was defined by the Florida Supreme Court in Preston v. State, Sup.Ct.Fla.1952, 56 So.2d 543 in this manner:
“The ‘culpable negligence’ required to sustain a manslaughter charge must be of ‘gross and flagrant character, evincing reckless disregard of human life or the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.’ Savage v. State, 152 Fla. 367, 11 So.2d 778, 779.” (Emphasis added)
From the above-quoted definition, it is readily apparent that culpable negligence is of much greater import than ordinary negligence. Culpable negligence will support a conviction for a crime. Ordinary negligence will not.
That the defendant had been drinking or was to some degree under the influence is not proof of culpable negligence. (Jackson v. State, Fla.App. 1st, 1958, 100 So.2d 839; Peel v. State, Fla.App.1st, *266 1974, 291 So.2d 226) As already recited, the jury acquitted appellant of the intoxication counts.
In that regard this case is. extremely similar to Peel v. State, supra, and in this case, as in Peel, we find from an examination of the record that while appellant may well have been guilty of negligence, the evidence is insufficient to prove that high degree of negligence required to sustain a conviction of manslaughter.
Accordingly, appellant’s conviction of manslaughter by culpable negligence and the sentences imposed thereon are reversed, and appellant is ordered discharged.
Reversed with directions.
BOYER, C. J., and RAWLS and Mc-CORD, JJ., concur.