GREEN, OLIVER L., Jr., Associate Judge.
The Appellant, Ronald McGriff, was charged, tried, convicted, and sentenced for the crime of manslaughter under Section 782.07, Florida Statutes (1973). The trial judge denied the Appellant’s Motion for Judgment of Acquittal and Motion for New Trial. We reverse the Order denying the Motion for Judgment of Acquittal.
The Appellant, members of his family, and friends were standing near a mailbox in front of the Appellant’s house after dark on August 25, 1974. The alleged victim in this case, Lemon V. Joe, had been drinking *1037 to excess for some time prior to the incident which occurred at that time and place. He drove his car towards the location where the Appellant was standing and in doing so almost struck the Appellant’s brother. The Appellant asked Lemon Joe why he drove up in that manner. Lemon Joe replied, “Because you all need to be dead.”
Lemon Joe got out of his car in a hurried manner with his hand concealed behind his back. He was known to carry a handgun at times. The Appellant thereupon drew a revolver from his pants and told Lemon Joe to stay back. Lemon Joe continued to advance toward the Appellant. The Appellant fired a shot into the ground as a warning. Lemon Joe then grabbed for the gun and in the ensuing scuffle the gun was caused to discharge, resulting in a fatal wound to Lemon Joe.
The Appellant then picked up Lemon Joe and placed him in an automobile. He instructed his brother to take Lemon Joe to the hospital. The Appellant thereafter turned himself in to the Sheriff and gave a full statement reciting the aforementioned occurrences.
The State does not dispute the above facts except as to the actual manner in which the gun was caused to be discharged. In any event, the State concedes the gun discharged by accident. There is no evidence of aggressive behavior on the part of the Appellant. There is ample evidence that the encounter was caused by the deceased, Lemon V. Joe. The Appellant was not on trial for conduct unrelated to that alleged in the information.
The question to be resolved is whether the evidence, viewed in a light most favorable to the State, constitutes a violation of Section 782.07, Florida Statutes (1973). There are many cases holding that ordinary negligence is insufficient to support a conviction for manslaughter. The offense of manslaughter under Section 782.07, Florida Statutes (1973) must be founded upon culpable negligence. It has been held that the degree of culpable negligence
“ . . . required to sustain a manslaughter charge must be of ‘a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.’ ”
Preston v. State, 56 So.2d 543, 544 (Fla.1952).
There does not appear to be any evidence in this case which supports a conclusion that the Appellant evidenced a reckless disregard for the life of Lemon V. Joe, equivalent to an intentional violation of his rights. To the contrary, the Appellant took steps to avoid an ultimate encounter and rendered aid to the victim immediately after the unfortunate fatal injury. Additionally, the conduct of the Appellant in surrendering himself and volunteering such information as is supportive of the aforementioned facts lends credence to the contention that he was not functioning under the impairment of a “depraved mind.” In summary, the facts simply do not support a finding of guilt under Section 782.07, Florida Statutes (1973).
Appellant’s Motion for Judgment of Acquittal should have been granted. We have reviewed the Appellant’s remaining Point but find it unnecessary to rule thereon.
It is therefore ordered and adjudged that the judgment and sentence in the above cause be reversed.
REVERSED.
DOWNEY and DAUKSCH, JJ., concur.