358 So.2d 878 (1978)
Darline Stover GRANTHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 77-221.
District Court of Appeal of Florida, Second District.
May 17, 1978.
*879 Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Martha J. Cook, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was charged by information with two counts of manslaughter. One count charged her with manslaughter by culpable negligence and the other charged her with manslaughter by reason of the operation of a motor vehicle while under the influence of intoxicants. The jury acquitted her of driving under the influence, but she was convicted of manslaughter by culpable negligence. She appeals her conviction for that offense.
The charges in question stem from an accident which occurred at 7 p.m. on a clear, dry summer evening on U.S. Highway 301 north of Dade City. The appellant, who was travelling north, turned left, intending to enter a driveway on the west side of the highway. As she turned, she drove her automobile directly into the path of an oncoming automobile in which the deceased, Barbara Craig, was a passenger. There was no eyewitness testimony concerning the details of the accident. The Florida Highway Patrol homicide investigator estimated that when the accident occurred appellant was travelling at 25-30 miles per hour while the Craig vehicle was moving at 50 miles per hour. An accident reconstruction expert estimated appellant's speed at 50 miles per hour and the Craig vehicle at 80 miles per hour. There was no testimony about the speed limit at the accident location. Appellant was quoted after the accident as saying that she had not seen the Craig automobile.
There was evidence of appellant's intoxication, albeit controversial. Appellant's first point on appeal attacks the admission of certain blood alcohol test results even though the state had failed to disclose these particular test results in response to appellant's demand for discovery under Fla.R. Crim.P. 3.220. However, because we find that appellant's second point is dispositive of this appeal, we need not address the issue of the admissibility of the blood alcohol test. Likewise, we need not consider the appellant's contention that she could have only been convicted of vehicular homicide. See State v. Young, 357 So.2d 416 (Fla. 2d DCA, filed April 7, 1978).
Appellant argues that the evidence adduced at trial, including any evidence of intoxication, is insufficient to convict her of manslaughter by culpable negligence because the evidence does not demonstrate the requisite degree of culpability. Appellant correctly points out that in order to sustain a conviction of manslaughter under Section 782.07, Florida Statutes (1975), the actor's conduct must be of a "`gross and flagrant character, evincing reckless disregard of human life,'" and there must be a "conscious indifference to consequences." Filmon v. State, 336 So.2d 586 (Fla. 1976).
Appellant was turning left into a driveway when the accident occurred. There is no evidence of any excessive speed or erratic behavior prior to the accident. As this court stated in Scarborough v. State, 188 So.2d 877 (Fla. 2d DCA 1966), "every case of manslaughter by culpable negligence must be determined upon the facts and circumstances peculiar to it." The facts and circumstances presented by this record reflect conduct better characterized as a momentary lapse of attention than as a reckless indifference for human life.
The fact that the appellant may have been drinking cannot transform conduct which is merely negligent into conduct which is criminally negligent. Smith v. State, 65 So.2d 303 (Fla. 1953); Murray v. State, 329 So.2d 349 (Fla. 4th DCA 1976). Our sister court in Peel v. State, 291 So.2d 226 (Fla. 1st DCA 1974), reversed a manslaughter conviction where the defendant ran a stop sign at 40 miles per hour and collided with another vehicle in an intersection. In Jackson v. State, 100 So.2d 839 (Fla. 1st DCA 1958), the court held that one who rounded a curve at an excessive speed, *880 crossed the center line and sideswiped an oncoming vehicle could not be convicted of manslaughter. As here, despite evidence in both these cases that the defendants had been drinking, they were each acquitted of operating a motor vehicle while intoxicated.
The evidence in this case simply falls short of that which is required to convict of the offense charged. The judgment for manslaughter by culpable negligence is reversed and the sentence is set aside. The appellant is hereby ordered discharged from that conviction.
OTT and RYDER, JJ., concur.