435 So.2d 974 (1983)
Fritz DOMINIQUE, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-87.
District Court of Appeal of Florida, Third District.
August 9, 1983.
Kalter & Kutner and Robert Kalter, Miami, for appellant.
Jim Smith, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
BASKIN, Judge.
Fritz Dominique appeals a manslaughter conviction entered upon return of a jury verdict of guilty. According to the evidence, Placid, a guest at a party Dominique was attending, threatened to kill him. Placid was escorted to his car after being asked to leave the party; he screamed that he would come back and get Dominique. As Dominique retrieved a loaded gun from the glove compartment of his own car, someone grabbed his arm. The gun discharged, fatally injuring a close friend of Dominique's. Dominique and other guests immediately took the victim to the hospital.
Manslaughter is defined by section 782.07, Florida Statutes (1981), as "The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification... ." Culpable negligence, which replaces the element of criminal intent, Hulst v. State, 123 Fla. 315, 166 So. 828 (1936), means action of such a gross and flagrant character that it evidences a reckless disregard for human life or safety equivalent to an intentional violation of the rights of others. McCray v. State, 350 So.2d 1126 (Fla. 2d DCA 1977). Culpable negligence must be determined from the facts peculiar to the case. Scarborough v. State, 188 So.2d 877 (Fla. 2d DCA 1966). Examining the facts before us in light of Parker v. State, 318 So.2d 502 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 21 *975 (Fla. 1976); Getsie v. State, 193 So.2d 679 (Fla. 4th DCA 1966), cert. denied, 193 So.2d 679 (Fla. 1967); and Sharp v. State, 120 So.2d 206 (Fla. 2d DCA 1960), we fail to find the establishment of culpable negligence beyond a reasonable doubt.
Homicide is excusable according to section 782.03, Florida Statutes (1981), when committed by accident, in the heat of passion, upon any sudden provocation. We find that the facts under consideration fall within the definition of excusable homicide. Consequently, we reverse the conviction and remand the cause for entry of a judgment of acquittal.