JORGENSON, Judge,
dissenting.
Because I believe that neither section 316.1932(l)(f) 2, Florida Statutes (Supp. 1982), nor section 322.261(2)(b), Florida Statutes (1981), are applicable; that State v. Roose, 450 So.2d 861 (Fla. 3d DCA), rev. denied, 451 So.2d 850 (Fla.1984), which involves DUI manslaughter, is distinguishable on its facts; and, further, that Campbell v. State, 423 So.2d 488 (Fla. 1st DCA 1982), was wrongly decided, I respectfully dissent.[1]
The blood samples in question were withdrawn from Strong with his consent by a medical technician (concededly not qualified under section 322.261(2)(b)) for medical purposes and forwarded to a medical laboratory for analysis. The samples were seized pursuant to a search warrant, the validity of which Strong does not contest. The samples were subsequently transferred by the investigating officer to the Dade County Medical Examiner’s office where toxicological tests were performed, revealing the presence of .06% alcohol. Strong does not contest the accuracy of the test performed by the Dade County Medical Examiner.
The legislation surrounding DUI and DUI manslaughter cases resulted from the Legislature’s recognition (undoubtedly in light of Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826,16 L.Ed.2d 908 (1966)) of the privacy interest involved in such cases; such privacy interest is not implicated under the facts herein where the blood samples were not taken at the request of a law enforcement officer for purposes of an investigation. Nor are the several statutory provisions surrounding the admissibility of blood alcohol evidence, which I freely acknowledge must be strictly complied with, involved since Strong was convicted of manslaughter by culpable negligence and blood alcohol evidence is not an element of the offense charged. The Florida supreme court in State v. Bender, 382 So.2d 697 (Fla.1980), stated that where motor vehicle driver intoxication is not involved the implied consent provision is inapplicable and, consequently, the results of blood tests are admissible into evidence without compliance with the administrative rules if the traditional predicate is laid which establishes the reliability of the test, the qualifications of the operator, and the meaning of the test results by expert testimony. Id. at 700. In Grant v. Brown, 429 So.2d 1229 (Fla. 5th DCA), rev. denied, 438 So.2d 832 (Fla.1983), blood samples taken pursuant to hospital emergency room treatment were held to be admissible as part of the injured party’s hospital records.[2]
The evidence in this case reflects that Strong was speeding (60 m.p.h. in a 45 m.p.h. zone), driving at dusk without the headlights illuminated (only his parking lights were on), and had been drinking. Each of the foregoing facts, standing alone, would not support a conviction for manslaughter, see, e.g., Grantham v. State, 358 So.2d 878 (Fla. 2d DCA 1978), but these facts when taken together are sufficient to support a conviction of manslaughter. See Flint v. State, 117 So.2d 552 (Fla. 2d DCA 1960).
I would affirm.

. The opinion of the court additionally relied on Grala v. State, 414 So.2d 621 (Fla. 3d DCA 1982), which is inapposite to the facts sub judice.

. See Pardo v. State, 429 So.2d 1313, 1315 (Fla. 5th DCA 1983) (citing Grant and holding that results of blood alcohol tests not taken in compliance with sections 322.261 and 322.262 are admissible in civil and criminal cases which do not involve the suspension of driver's licenses as a statutory sanction, if otherwise admissible under the general rules of evidence).