522 So.2d 1056 (1988)
Donna ANTEL, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, FLORIDA REAL ESTATE COMMISSION, Appellee.
No. 87-1665.
District Court of Appeal of Florida, Fifth District.
April 7, 1988.
*1057 Vincent W. Howard, Jr., of Howard & Reyes, Chartered, Sanford, for appellant.
Lawrence S. Gendzier, Orlando, for appellee.
SHARP, Chief Judge.
Antel appeals from a final order of the Florida Real Estate Commission which denied her application for a real estate license. At the hearing held pursuant to section 120.57 Florida Statutes (1985), the parties stipulated to the facts, and only Antel testified. Her application was denied because she had been convicted of manslaughter in 1983, a crime involving "moral turpitude," and because the hearing examiner found there was insufficient evidence of her rehabilitation. We affirm.
Pursuant to statute, an applicant for a real estate license in Florida must be, inter alia, "honest, truthful, trustworthy, and of good character and shall have a good reputation for fair dealing."[1] The Commission is empowered to deny licensure if an applicant "has been convicted or found guilty ... of a crime... which directly relates to the activities of a licensed broker or salesman, or involves moral turpitude or fraudulent or dishonest dealings."[2] However, a license may be granted where "because of lapse of time and subsequent good conduct and reputation, or other reason deemed sufficient, it appears to the commission that the interest of the public and investors will not likely be endangered by the granting of registration."[3]
In 1983, Antel shot her husband with a rifle. She was tried for first degree murder, but was convicted of manslaughter. The shooting occurred while Antel was under severe financial and emotional pressure. She had a rifle in her bedroom, and was contemplating suicide. When her husband walked into the room, she shot him.
After her conviction in 1984, Antel received a ten-year sentence. She served eleven months in prison, and six months on a work release program. She was released on parole in May of 1986. Her parole release date is 1993.
She applied for a real estate license in August of 1986, and a hearing was held in June of 1987. She had then been employed as an assistant property manager, assisting brokers and salesmen in selling condominiums for six months. She had completed the psychological counseling and therapy required by her parole, and had no parole violations.
The hearing officer found that Antel has an earnest desire to be rehabilitated. But she presented nothing more than the facts of the crime itself, and a scant employment history since her release on parole  barely more than one year prior to the hearing. The hearing officer found that absent additional evidence of Antel's rehabilitation, she would use her status of being on parole as a reasonable guide.
We agree with the Commission's determination that Antel's manslaughter conviction constituted a crime involving "moral turpitude." Manslaughter is defined by section 782.07, Florida Statutes (1983) as:
the killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of Chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, shall be deemed manslaughter and shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
*1058 Culpable negligence is in turn defined as an act "of such gross and flagrant character that it evidences a reckless disregard for human life or safety equivalent to an intentional violation of the rights of others." Dominique v. State, 435 So.2d 974 (Fla. 3rd DCA 1983). From such base or depraved acts, the law imputes a constructive intent, which although not punished as severely as a premeditated crime, is still considered "contrary to justice, honest, principle, or good morals." State ex rel. Tullidge v. Hollingsworth, 108 Fla. 607, 146 So. 660, 661 (1933); c.f., The Florida Bar v. Casety, 499 So.2d 831 (Fla. 1986); Kiner v. State Board of Education, 344 So.2d 656 (Fla. 1st DCA 1977).
The burden of proof of rehabilitation was therefore placed on Antel at the hearing. Florida Department of Transportation v. J.W.C. Company, Inc., 396 So.2d 778 (Fla. 1st DCA 1981). In view of the short time period since Antel's release from prison, and the scant record presented at the hearing, we cannot find that the Commission erred in finding Antel failed to establish her rehabilitation and right to be licensed. However, we do not agree that Antel's rehabilitation must necessarily be delayed until she has successfully completed her parole in 1993.
AFFIRMED.
ORFINGER and DANIEL, JJ., concur.
NOTES
[1] § 475.17(1)(a), Fla. Stat. (1985).
[2] § 475.25(1)(f), Fla. Stat. (1985).
[3] § 475.17(1)(a), Fla. Stat. (1985).