SMITH, Judge.
Appellant appeals his convictions for aggravated assault with a deadly weapon and improper exhibition of a weapon, contending the dual convictions violate double jeopardy principles. We affirm.*
Section 775.021(4)(b), Florida Statutes (Supp.1988), permits dual convictions and sentences for criminal offenses arising *613 out of one act, episode or transaction where each offense has at least one statutory element that the other does not. State v. McCloud, 577 So.2d 939 (Fla.1991); and State v. Smith, 547 So.2d 613 (Fla.1989).
Section 784.021, governing aggravated assaults, requires, among other things, that the defendant create in the mind of the victim a well-founded fear that violence is about to take place. By contrast, section 790.10, governing improper exhibition of a weapon, does not require that the victim be placed in fear. Further, unlike section 784.021, a defendant may be convicted of improper exhibition for merely carelessly, angrily or rudely displaying a weapon. It is not necessary that the defendant make a threatening gesture with the weapon to be convicted of violating section 790.10. Thus, contrary to appellant’s assertion, this case does not fall under the “subsumed” exception, section 775.021(4)(b)(3), since aggravated assault does not necessarily include improper exhibition of a weapon. State v. McCloud, supra.
We further conclude that the trial court was correct in its denial of appellant’s motion for judgment of acquittal on the two charges in that the evidence before the court did not support appellant’s contention that his use of deadly force was justified by the threat of an imminent forcible felony against his mother, or for his own protection.
AFFIRMED.
BOOTH and ZEHMER, JJ., concur.

 The opinion filed on April 9, 1991, is withdrawn and this opinion is substituted.