PER CURIAM.
This is an appeal by the juvenile respondent J.A. from an adjudication of delinquency for manslaughter by culpable negligence [§ 782.07, Fla.Stat. (1989)] which was entered below after a non-jury trial. We conclude that the trial court erred in denying J.A.’s motion for an adjudication of non-delinquency because the state failed to establish that the respondent was guilty, as charged, of “culpable negligence” in this tragic homicide — that is, that J.A.’s conduct in shooting the deceased was of “such a gross and flagrant character that it evidence[d] a reckless disregard for human life or safety equivalent to an intentional violation of the rights of others.” Dominique v. State, 435 So.2d 974, 974 (Fla. 3d DCA 1983).
Without burdening this opinion with an extensive recitation of the facts surrounding the fatal shooting, suffice it to say that the totality of the evidence in this case establishes that J.A. accidentally shot and killed his friend while carelessly handling a loaded rifle in the deceased’s presence. It is clear that the rifle slipped from J.A.’s hands and, as J.A. grabbed for it, he accidentally hit the trigger and tragically shot and killed his friend. At the time, J.A. was not engaged in an argument or physical combat with the deceased or anyone else; there was not the slightest bit of animosity between J.A. and the deceased as, indeed, the two were friends, and J.A. was extremely remorseful after the incident; moreover, J.A. was not under the influence of drugs or alcohol. Under these circumstances, Florida courts have consistently held that such an accidental firearm discharge may be the product of simple or gross negligence by the accused, but cannot rise to the level of culpable negligence so as to constitute a criminal manslaughter. See Dominique (evidence insufficient to establish manslaughter where gun discharged and bullet struck defendant’s friend as a result of someone grabbing the defendant’s arm); Parker v. State, 318 So.2d 502 (Fla. 1st DCA 1975) (evidence insufficient to support manslaughter conviction where defendant partially cocked gun and waved it around cousin’s head and it inadvertently discharged), cert. denied, 330 So.2d 21 (Fla.1976); Getsie v. State, 193 So.2d 679 (Fla. 4th DCA 1966) (evidence insufficient to establish manslaughter where husband was slowly releasing hammer of loaded gun as he sat down on wife’s lap and gun discharged, killing her), cert. denied, 201 So.2d 464 (Fla.1967); Sharp v. State, 120 So.2d 206 (Fla. 2d DCA 1960) (evidence insufficient to sustain manslaughter conviction where defendant walking with shotgun stumbled and it discharged, killing someone).
Contrary to the state’s argument, the totality of the evidence in this case does not establish that the subject shooting was non-accidental. There is no evidence, as urged, that J.A. deliberately pointed the rifle at his friend and pulled the trigger. Fairly read, neither J.A.’s statements to the police nor his testimony at trial makes any such admission; to the contrary, they both establish an accidental shooting. Moreover, the sole eyewitness to the shooting gave no such testimony, and the investigating detective’s impressions of what he thought had happened cannot possibly establish the state’s theory of a deliberate homicide.
The adjudication of delinquency under review is reversed and the cause is remanded to the trial court with directions to discharge the respondent J.A. from the cause.
Reversed and remanded.