598 So.2d 304 (1992)
In the Interest of J.C.D., a minor child.
No. 91-2795.
District Court of Appeal of Florida, Fourth District.
May 20, 1992.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We agree with appellant that the evidence was insufficient to sustain a finding of culpable negligence on his part in the tragic death of his young friend. The appellant's version of the tragic incident was corroborated by the testimony of the only other witness to the incident. Their versions of the incident were virtually identical. The proof is uncontradicted that the appellant, and the eyewitness, believed in good faith that the gun involved was unloaded. In addition, appellant's claim that he accidently engaged the trigger of the weapon was not contradicted by any other evidence presented at trial.
This case is tragically similar to a recent case in the Third District where the court held:
Without ... an extensive recitation of the facts surrounding the fatal shooting, suffice it to say that the totality of the evidence in this case establishes that J.A. accidentally shot and killed his friend while carelessly handling a loaded rifle in the deceased's presence. It is clear that the rifle slipped from J.A.'s hands and, as J.A. grabbed for it, he accidentally hit the trigger and tragically shot and killed his friend. At the time, J.A. was not engaged in an argument or physical combat with the deceased or anyone else; there was not the slightest bit of animosity between J.A. and the deceased as, indeed, the two were friends, and J.A. was extremely remorseful after the incident; moreover, J.A. was not under the influence of drugs or alcohol. Under these circumstances, Florida courts have consistently held that such an accidental firearm discharge may be the product of simple or gross negligence by the accused, but cannot rise to the level of *305 culpable negligence so as to constitute a criminal manslaughter. See Dominique [v. State, 435 So.2d 974 (Fla. 3d DCA 1983)] (evidence insufficient to establish manslaughter where gun discharged and bullet struck defendant's friend as a result of someone grabbing the defendant's arm); Parker v. State, 318 So.2d 502 (Fla. 1st DCA 1975) (evidence insufficient to support manslaughter conviction where defendant partially cocked gun and waved it around cousin's head and it inadvertently discharged), cert. denied, 330 So.2d 21 (Fla. 1976); Getsie v. State, 193 So.2d 679 (Fla. 4th DCA 1966) (evidence insufficient to establish manslaughter where husband was slowly releasing hammer of loaded gun as he sat down on wife's lap and gun discharged, killing her), cert. denied, 201 So.2d 464 (Fla. 1967); Sharp v. State, 120 So.2d 206 (Fla. 2d DCA 1960) (evidence insufficient to sustain manslaughter conviction where defendant walking with shotgun stumbled and it discharged, killing someone).
Contrary to the state's argument, the totality of the evidence in this case does not establish that the subject shooting was non-accidental. There is no evidence, as urged, that J.A. deliberately pointed the rifle at his friend and pulled the trigger. Fairly read, neither J.A.'s statements to the police nor his testimony at trial makes any such admission; to the contrary, they both establish an accidental shooting. Moreover, the sole eyewitness to the shooting gave no such testimony, and the investigating detective's impressions of what he thought had happened cannot possibly establish the state's theory of a deliberate homicide.
The adjudication of delinquency under review is reversed and the cause is remanded to the trial court with directions to discharge the respondent J.A. from the cause.
J.A. v. State, 593 So.2d 572, 573 (Fla. 3d DCA 1992).
In this case, the appellant had removed the ammunition clip, as well as a bullet in the firing chamber, from the gun before the shooting. And, while the appellant did not describe the gun as slipping from his hands, he did state, without contradiction, that he engaged the trigger by accident when standing up to put the gun away. As in J.A. v. State, the facts may support a finding of some lesser form of negligence, but they do not support a finding of culpable negligence as defined by the case law:
The "culpable negligence" required to sustain a manslaughter charge must be of "a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them."
Preston v. State, 56 So.2d 543, 544 (Fla. 1952).
In accord with the above we reverse and remand with directions that the appellant be discharged.
ANSTEAD, HERSEY and DELL, JJ., concur.