PER CURIAM.
Based on (1) the controlling and factually indistinguishable authority of J.A. v. State, 593 So.2d 572 (Fla. 3d DCA 1992) and In re J.C.D., 598 So.2d 304 (Fla. 4th DCA 1992), and (2) the supporting case law cited in J.A. and J. C.D., the adjudication of juvenile delinquency for manslaughter by culpable negligence [§ 782.07, Fla.Stat. (1991)] under review is reversed in this tragically careless, but not culpably negligent, accidental shooting by the respondent I.O. of a classmate-friend, and the cause is remanded to the trial court with directions to discharge the respondent I.O. from the cause. As in J.A. and J.C.D., I.O. may have been guilty of simple or gross negligence in this incident, but his conduct does not rise to the level of culpable negligence so as to constitute manslaughter as defined by Florida case law. See, e.g., Preston v. State, 56 So.2d 543, 544 (Fla.1952).
Reversed and remanded.