ON MOTION FOR REHEARING AND/OR CLARIFICATION

PER CURIAM.
We grant appellant’s motion for rehearing and/or clarification and withdraw the opinion filed on March 8, 1995 and substitute the following opinion.
A.T.’s adjudication for culpable negligence [1] is reversed where the totality of the State’s evidence indicated that A.T.’s conduct in the unfortunate shooting of his friend was purely careless or accidental in nature and not of “such a gross and flagrant character that it evidenced a reckless disregard for human life or safety equivalent to an intentional violation of the rights of others.” J.A. v. State, 593 So.2d 572, 573 (Fla. 3d DCA 1992), quoting, Dominique v. State, 435 So.2d 974, 974 (Fla. 3d DCA 1983); In the Interest of J.C.D., 598 So.2d 304 (Fla. 4th DCA 1992). Accordingly, on remand, A.T. must be discharged from this count.
As to A.T.’s remaining points on appeal, we find no error and affirm. See generally, Kase v. State, 581 So.2d 612 (Fla. 1st DCA 1991).
Reversed and remanded in part and affirmed in part.

. When this appeal initially came before us, there was no indication in the record that A.T. had either been charged or adjudicated for culpable negligence although both parties briefed and argued this issue on appeal. After the issuance of our initial decision, A.T. v. State, 20 Fla.L.Weekly D614 (Fla. 3d DCA March 8, 1995), we relinquished jurisdiction pursuant to A.T.’s motion for rehearing and/or clarification to allow the parties to supplement the record on appeal to show that A.T. had in fact been charged with and adjudicated for culpable negligence by the court below.