PER CURIAM.
Albert Legette appeals his judgment and sentences following his convictions of attempted robbery with a firearm and improper exhibition of a firearm. Mr. Legette contends that the dual convictions constitute a double jeopardy violation. Despite the state’s concession of error on this issue, we conclude these two offenses each require proof of an element that the other does not. § 775.021(4)(a), Fla. Stat. (1993); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Robbery requires that force, violence, or fear be used during the course of the offense. § 812.13, Fla. Stat. (1993). By contrast, improper exhibition requires neither force, violence, or fear. § 790.10, Fla. Stat. (1993). Improper exhibition is established when a weapon is exhibited in a rude, careless, angry, or threatening manner, whereas robbery does not require exhibition of the weapon in such a manner. Cf. Kase v. State, 581 So.2d 612 (Fla. 1st DCA 1991) (no double jeopardy violation for convictions of improper exhibition of a weapon and aggravated assault). Because the elements required to prove improper exhibition of a firearm are not subsumed in the attempted robbery with a firearm, these convictions do not result in a double jeopardy violation.
We also approve the trial court’s imposition of the three-year minimum mandatory sentence for Mr. Legette’s conviction for attempted robbery with a firearm. Although Mr. Legette was 20 years old when he committed this first offense, the trial court properly exercised its discretion in declining to impose a youthful offender sentence. See § 958.021, Fla. Stat. (1993); Ellis v. State, 475 So.2d 1021, 1023 (Fla. 2d DCA 1985). Affirmed.
PARKER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.