### NOAH PITTS v. STATE.

182 So. 234.
Opinion Filed June 15, 1938.

A writ of error to the Circuit Court for Jackson County, Ira A. Hutchison, Judge.

Per Curiam.—An information was filed against the defendant in the Circuit Court of Jackson County, Florida, charging him with manslaughter, growing out of an automobile accident in which J. A. Paul was killed on the 15th day of August, 1936. The defendant, after a trial, was found guilty by a jury and sentenced to three years in the penitentiary. Motion for a new trial was denied, and the defendant appealed to this Court for a reversal of the judgment of the lower court, contending that the evidence was insufficient to show culpable negligence on the part of the defendant.

"Generally, a crime has two elements, the overt act and the criminal intent; but in statutory manslaughter the element of criminal intent has been supplanted by the statutory element of 'culpable negligence.'" See Kent v. State, 53 Fla. 51, 43 So. 773." Hulst v. State (Fla.), 166 So. 828.

"Culpable Negligence" must be proven to warrant a conviction of manslaughter in the present case. This Court defined "Culpable Negligence" in the case of Franklin v.

State, 120 Fla. 686, 163 So. 55, by adopting the definition already laid down by this Court in Cannon v. State, 91 Fla. 214, 107 So. 360, 361, eighth headnote, which reads:

"The words 'culpable negligence,' as used in Section 5039, Rev. Gen. Stats. 1920, such as is necessary under the statute to sustain proof of the crime of manslaughter, mean something more than such simple negligence as would authorize the recovery of merely compensatory damages in a civil action at law. As used in this statute culpable negligence means negligence of a gross and flagrant character, evincing reckless disregard of human life, or the safety of persons exposed to its dangerous effects, or that entire want of care which would raise the presumption of indifference to consequences, or which shows such wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them."

A principle of law particularly applicable to the facts of this case, as shown by the weight of the evidence, was enunciated by Mr. Justice BUFORD in the case of Austin v. State, 101 Fla. 990, 132 So. 491, wherein speaking for the Court, he said:

"We do not think that criminal liability attaches where circumstances and conditions beyond the control of the accused caused him against his will to be in a position and under the conditions which resulted in the unfortunate death of the child."

We have carefully considered the evidence in this case and are of the opinion that the motion for new trial should have been granted.

Reversed and remanded.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.