91 So.2d 637 (1956)
Franklin G. FORT, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
September 12, 1956.
Rehearing Denied December 19, 1956.
Thacker & Thacker, Kissimmee, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
TERRELL, Justice.
Franklin G. Fort was informed against in the Circuit Court, Osceola County, the information speaking in two counts. The first count charged that while intoxicated Fort operated his automobile on the public highways in such manner as to cause the death of Louis Bonati. The second count charged that by his act, procurement and culpable negligence, Fort operated his automobile in such negligent, careless and reckless manner as to collide with the automobile in which Louis Bonati was riding and killed him. The case was tried before a jury and at the close of the state's case the court granted a motion for directed verdict for defendant as to count one. The motion for directed verdict as to count two was denied. Motion for directed verdict in favor of defendant at the close of the trial was denied; a motion for new trial was denied. The jury returned a verdict of manslaughter against defendant who was sentenced to a term of five years in the state penitentiary. This appeal is from that judgment.
The first point for determination is whether or not the evidence was sufficient to sustain the conviction of manslaughter.
The information was grounded on Section 782.07, Florida Statutes, F.S.A. the pertinent part of which says that the killing of a human being by the act, procurement or culpable negligence of another, in *638 cases where such killing shall not be justifiable or excusable homicide nor murder, according to the provisions of this chapter shall be deemed manslaughter. The elements of culpable negligence have been repeatedly defined as the omission to do something which a reasonable, prudent and cautious man would do, or the doing of something which such a man would not do under the circumstances surrounding the particular case. Pitts v. State, 132 Fla. 812, 182 So. 234; Williams v. State, Fla., 54 So.2d 66; Preston v. State, Fla., 56 So.2d 543; Russ v. State, 140 Fla. 217, 191 So. 296, and Miller v. State, Fla., 75 So.2d 312.
The evidence shows that when the collision in which Bonati was killed took place he [Bonati] was driving his automobile on [his] right side of the road; that appellant was driving on the wrong side of the road and had been for one-half mile or more. Two eye-witnesses testified to this and the further fact that appellant made no effort to guide his automobile to the right side of the road; that he struck Bonati's car head-on at a speed of approximately forty miles per hour; he weaved back and forth across the road at times but at no time did he settle down to travel on his side of the road. During the last one-half mile before the collision, appellant never crossed the center line of the road to the right side but kept on Bonati's side of the road. It is accordingly our view that appellant's conduct revealed gross and flagrant negligence, such reckless disregard of human life and such want of common care and courtesy as to raise a presumption of conscious indifference to the result. He exhibited such careless disregard of the safety of others that the jury could not have reached a different verdict.
Appellant denies none of this evidence but counters with the defense that by mistake he had taken a dose of roach poison, thinking it was baking soda; that he soon became very ill and was forced to stop his automobile and vomit. He then proceeded along the highway not knowing he was on the wrong side of the road or what he was about. In this situation appellant contends that it is not enough to show that he was negligent or that he violated the traffic rules, or that an accident took place in which a human being's life was snuffed out. Appellant contends that the state must show depravity in his heart as contrasted with a mistake of judgment, or failure to weigh all the possibilities and probabilities if negligence be shown. It must be shown, says appellant, that the guilty person had concealed under his skin a disregard of the rights of others, a don't-care attitude for the safety of those who may be exposed to his dangerous acts, or a conscious indifference to the rights of others, equivalent to an intentional violation of those rights. Says appellant it is "this warpage of the soul, not a mere mistake of the mind, which justifies imprisonment in the state penitentiary."
This argument presents a somewhat idealistic utopian fancy to bypass the dilemma in which appellant finds himself, but the jury and the trial court were too far on the pragmatic side to accept it. If such is to be the rule in this state, then every fellow who shunts his stomach off-center with roach poison, or similar substance, can get in his automobile, take over the highways, travel where he pleases, run over any man, woman, child or dog; violate every rule of the road, plead that his stomach was temporarily off-center account of his indulgence or mistake and that is the end of the case, despite the fact that the victim of his indulgence was on his side of the road, obeying every rule of the road.
We can not bring ourselves to subscribe to any such doctrine. The highways are for the benefit of everybody and that all may enter them for pleasure or profit with the assurance that every other person who does so will obey the laws of the road and will exhibit due regard for road courtesy. It may be true that traveling by highway is by percentages very *639 dangerous, but it is also true that those who enter the public highways are presumed to be mentally competent and responsible for the results of their conduct. He can not evade it by any such plea as we are confronted with in this case. Neither is it ruled by pure accident where a child or an incompetent suddenly appears in front of a moving automobile.
Three other points are argued for reversal; the first charging error in giving a certain charge to the jury and the third and fourth having to do with the refusal of the trial court to give certain requested charges.
We have examined these charges but find no error. As to the first one, appellant insists that at best he was guilty of nothing more than simple negligence but since we hold that he was guilty of culpable negligence and the charge is largely predicated on that count of the information, no error is made to appear. This is even more evident when read in the light of the full charge where excusable homicide and other factors pertinent to the case were explained. Appellant's difficulty with the charge seems to be the interpretation he places on it.
The first charge refused had to do with appellant's mental competence at the time of the accident. It is sufficient to say that refusal to give this charge was not incorporated in the assignments of error and being so it has no place here. Redditt v. State, Fla., 84 So.2d 317. It does appear in motion for new trial but that was too late. Even if it were here properly, we think it was covered in the general charge. We find no request in the record for this charge and no objection to the court's refusal to give it is shown but even so our disposition of the first question concludes this one.
The second charge refused had to do with circumstantial evidence. Refusal to give this charge was not included in appellant's assignments of error. It was included in his motion for new trial but that was not sufficient. 31 F.S.A., Rule 32, Rules of this court; Kloss v. State, 95 Fla. 433, 116 So. 39; Berger v. E. Berger & Co., 76 Fla. 503, 80 So. 296; Johnston v. State, 29 Fla. 558, 10 So. 686; Dewey v. State, 135 Fla. 443, 186 So. 224. See also Section 918.10(4), Florida Statutes, F.S.A., relating to requests for instructions; Roddenberry v. State, 152 Fla. 197, 11 So.2d 582, and Febre v. State, 158 Fla. 853, 30 So.2d 367. The purpose of this charge was to remind the jury of appellant's mental condition at the time of the accident but our examination of the charge shows that full advantage of it was displayed to the jury.
After all is said the instruction was not necessary. The evidence was conclusive as to guilt and the possibility of his mind being off the beam because of a dose of roach poison was thoroughly exemplified to the jury. The judgment is therefore affirmed.
Affirmed.
THOMAS, ROBERTS and THORNAL, JJ., and WARREN, Associate Justice, concur.
DREW, C.J., and O'CONNELL, J., concur in judgment only.