188 So.2d 877 (1966)
Buford T. SCARBOROUGH, Appellant,
v.
The STATE of Florida, Appellee.
No. 6108.
District Court of Appeal of Florida. Second District.
July 15, 1966.
Laurence I. Goodrich, of Goodrich & Wigginton, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
OVERTON, BEN F., Associate Judge.
The defendant-appellant, Buford T. Scarborough, was convicted by a jury upon the second count of a two-count information of manslaughter through culpable negligence in operating an automobile, resulting in the death of Gilbert L. Sparks, said count being under the provisions of Section 782.07, Florida Statutes Annotated. The State entered a Nolle Prosequi immediately prior to the commencement of the trial to the first count of said information, charging the appellant with manslaughter in the operation of an automobile while intoxicated.
The sole question for consideration is the sufficiency of the evidence to support the appellant's conviction. Every case of manslaughter by culpable negligence must be determined upon the facts and circumstances peculiar to it. Fulton v. State, Fla. 1959, 108 So.2d 473; Boyd v. *878 State, Fla.App. 1960, 122 So.2d 632. In determining this issue on appeal, the evidence must be interpreted and considered in the manner which is most favorable to the State.
This tragic accident occurred at approximately 8:45 in the evening on Simmons Road, also known as Trapnell Road, at a point 340 feet east of said road's intersection with Drawdy Road. At the time of the accident Simmons Road, located in Hillsborough County outside of Plant City, was sixteen feet wide, without centerline markings, was dry, somewhat bumpy, and was unlighted.
At said time the 16-year-old decedent was operating a motorcycle on which his 15-year-old brother, Alva Lee Sparks, was a passenger. With the Sparks boys, on another motorcycle, was Dennis Wayne Brown, who was fifteen years of age. Said boys had just left a safety motorcycle club meeting when they approached the intersection of Drawdy Road with Simmons Road. After waiting approximately three to ten minutes to see if any other club members were coming with them, they turned east onto Simmons Road and accelerated to a speed of 35 miles per hour. Both Dennis Wayne Brown and Alva Lee Sparks testified that they first noticed the appellant's vehicle when it was 100 feet away. Dennis Wayne Brown testified that the appellant's vehicle had only one light on and had swerved to the wrong side of the road to the extent that one wheel went off the pavement one to two feet on the south shoulder of Simmons Road; that the appellant came back on the road but continued on the wrong side of the road until the point of collision. Alva Lee Sparks testified that the appellant's car had one light and he was coming straight at them on the wrong side of the road. He further testified that the appellant did not weave or swerve or have one wheel off the pavement. Alva Lee Sparks further testified that he and his brother were proceeding on their side of the road approximately two feet from the south shoulder of same. The point of impact was established by the investigating officers to be five feet from the south shoulder of Simmons Road, or three feet across the unmarked centerline. The appellant, who was eighteen at the time of the accident, testified he did not know one light was out, that he was proceeding at a speed of not more than forty miles per hour, was on the right side of the road, and did not see the motorcycle operated by the decedent until the time of the collision. The appellant, by his own admission, had had one beer at approximately 4:30 in the afternoon, and had been seen to operate his automobile with passengers who had beer in their custody. A former highway patrolman testified that he observed the appellant at the scene and the appellant had an odor of alcohol on his breath, talked with a slur, had bloodshot eyes, staggered when he walked, his clothing was disarranged, and the conclusion was drawn therefrom that the appellant's faculties were impaired to drive a motor vehicle.
The impact of the collision was severe, neither vehicle having its brakes applied prior to the collision. The decedent was killed instantly by apparently striking the left front fender and windshield portion of the appellant's car. The appellant, although he broke a portion of the steering wheel of the automobile in which he was driving, was uninjured except for a minor laceration of his lip which did not necessitate sutures.
The investigating police officer charged the appellant with the offense of driving on the wrong side of the road. The record is silent as to what the speed limit was along Simmons Road or whether forty miles an hour was an excessive rate of speed.
Under present day standards, secondary two-lane roads are customarily paved to a minimum width of 22 feet, and primary two-lane roads are paved to a minimum width of 24 feet. It necessarily follows that a 16-foot-wide road is considered an extremely *879 narrow width. This court takes judicial notice that an automobile traveling at a speed of 35 miles per hour travels 51.3 feet per second. Taking into consideration the right turn onto Simmons Road by the decedent and his brother, the speed of the vehicles and the point of impact 340 feet from said intersection, it appears that the appellant had no more than seven seconds to observe the decedent on his motorcycle. If the testimony of Dennis Wayne Brown and Alva Lee Sparks that they each first observed the appellant at a distance of a hundred feet is the correct distance of observation by all parties, the time to observe the presence of the decedent on the road before the collision would have been less than two seconds.
Although it can well be culpable negligence to drive on the wrong side of a street or a highway, Fort v. State, Fla. 1956, 91 So.2d 637, is it in fact culpable negligence to drive over the centerline of an unmarked 16-foot road at night? We think not, although it unquestionably is simple negligence. It appears to this court that most drivers would under the same driving conditions drive with a portion of their vehicle across the center of such a road until other vehicles were observed.
We hold that in view of the extremely short period of time that the appellant had to observe the decedent, coupled with the narrowness of the road, that the actions of the appellant were not culpably negligent. The State relies on Fulton v. State, supra, to sustain the conviction of the appellant. The Fulton case is distinguishable from the instant case in that the defendant in the Fulton case had an unquestioned and full opportunity to observe the presence and location of the other vehicle before commencing the actions deemed culpable negligence.
After full and complete consideration of the record in this case taken in the light most favorable to the State, it appears that the evidence is insufficient as a matter of law to demonstrate culpable negligence essential for a conviction. Jackson v. State, Fla.App. 1958, 100 So.2d 839; Day v. State, Fla.App. 1963, 154 So.2d 340. Accordingly, the judgment of conviction is reversed, the sentence is set aside, and it is ordered that the defendant be discharged.
Reversed with directions to discharge the defendant.
ALLEN, C.J., and HOBSON, J., concur.