310 So.2d 396 (1975)
Milledge DuPREE, Appellant,
v.
STATE of Florida, Appellee.
No. 73-295.
District Court of Appeal of Florida, Second District.
February 5, 1975.
Rehearing Denied March 7, 1975.
*397 T. David Burns, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was involved in a motor vehicle accident in which three people were killed. He was charged with three counts of manslaughter by culpable negligence. The jury found him not guilty on two of the counts but convicted him of aggravated assault on the third count.
The following facts are presented in the light most favorable to the State. Appellant was driving a semitractor-trailer unit south on U.S. 41 near Port Charlotte on the afternoon of June 29, 1972. As he was crossing a bridge which is 60 feet in length he pulled across the center line of the two-lane highway and struck an automobile traveling north. The trailer then separated from the tractor, overturned and crushed a second automobile which was also proceeding north. There was no indication of wet pavement or bad visibility.
A truck driver testified that appellant had passed him about five miles back up the road. He said that the way appellant moved his head as he passed made him believe that he had fallen asleep. He followed behind appellant and blew his horn in order to arouse him. He later observed the appellant to be awake because he could see his face in the appellant's rearview mirror. He said that while he was following him, he saw the appellant cross the center line on one occasion prior to the time of the accident. Both he and the appellant were traveling at a speed of 62 to 65 miles per hour when the accident occurred. The speed limit for tractor-trailers at the point of the accident was said to be either 55 miles per hour or 60 miles per hour. A second southbound truck driver who was following behind verified that appellant was across the center line at the time of the accident.
The investigating patrolman placed the debris marking the point of impact at four feet, seven inches into the northbound lane. The roadway was 26 feet wide. Appellant testified that he was on his side of the road when the accident occurred and that his vehicle only went across the center line by reason of the force of impact. There was no evidence that appellant was drinking prior to the accident.
*398 Appellant's contention that he could not have been convicted of aggravated assault because it is not a lesser included offense of manslaughter is without merit. McCullers v. State, Fla.App.4th, 1968, 206 So.2d 30. However, upon these facts, appellant's motion for judgment of acquittal should have been granted.
It is not clear why the jury, once it decided to convict appellant, did not convict him of manslaughter. In any event, to sustain appellant's conviction for aggravated assault in this case, his conduct must be equivalent to culpable negligence. Culpable negligence means conduct of a gross and flagrant character, evincing reckless disregard of human life or the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them. Hunt v. State, Fla. 1956, 87 So.2d 584; Preston v. State, Fla. 1952, 56 So.2d 543; Hamilton v. State, Fla.App.2d, 1963, 152 So.2d 793. Momentary inattention or a mistake of judgment does not constitute culpable negligence. Grimley v. State, Fla.App.1st, 1959, 114 So.2d 630.
The cases of Fort v. State, Fla. 1956, 91 So.2d 637, and Williams v. State, Fla. 1951, 54 So.2d 66, serve to illustrate the law applicable to this case. In Fort, the Supreme Court held that driving on the wrong side of the road for more than one-half mile prior to a head-on collision constituted culpable negligence. On the other hand, a conviction predicated upon culpable negligence was reversed in Williams where the evidence reflected that the defendant's truck which was traveling from 45 to 60 miles per hour on wet pavement began to swerve or skid about a block from an oncoming automobile and eventually turned crosswise directly in its path.
In a case where the defendant struck a motorcycle which had just turned into his path a few seconds before, this court held that it was not culpable negligence to have driven three feet over the center line of an unmarked 16-foot road at night. Scarborough v. State, Fla.App.2d, 1966, 188 So.2d 877. See also Miller v. State, Fla. 1954, 75 So.2d 312.
The facts surrounding this tragic accident are more than enough to sustain a judgment of civil liability against appellant. Yet, the evidence was insufficient as a matter of law to demonstrate the culpable negligence which was essential in this case for a conviction. Accordingly, the judgment is reversed, and the sentence is set aside. The defendant is hereby ordered discharged.
HOBSON, Acting C.J., concurs.
BOARDMAN, J., dissents with opinion.
BOARDMAN, Judge (dissenting).
The appellant, as stated in the majority opinion, was charged with manslaughter by culpable negligence. The jury returned its verdict of aggravated assault, a lesser included offense, as to count I of the information. There was sufficient competent evidence adduced at trial from which the jury of reasonable men could have found, as it did, appellant, DuPree, culpably negligent.
I respectfully dissent and would sustain the conviction.

ON PETITION FOR REHEARING
GRIMES, Judge.
The State of Florida has filed a petition for rehearing asserting that the effect of our decision is to say that where a defendant is convicted by a jury of a lesser included offense, the test to be applied in determining the sufficiency of the evidence to convict on the lesser is whether *399 or not the evidence was sufficient to convict on the greater. To the contrary, our decision holds only that where one is charged with manslaughter by culpable negligence through the operation of an automobile, it is still necessary to prove culpable negligence in order to convict of the lesser included offense of aggravated assault. The element present in manslaughter by culpable negligence, but not present in the lesser included offense of aggravated assault, is the death of the victim. In either case, it is necessary to prove culpable negligence. Just as in manslaughter, the element of general intent in aggravated assault may be satisfied by proof of wilful and reckless disregard of the safety of others. McCullers v. State (Fla.App. 1st 1968) 206 So.2d 30. See particularly the cases cited in footnote 4. If culpable negligence were not required, the crime of assault would be committed every time an accident occurred between two occupied motor vehicles.
Rehearing denied.
HOBSON, A.C.J., concurs.
BOARDMAN, J., would grant rehearing.