ANSTEAD, Judge.
This is an appeal from an award of punitive damages entered against the appellants, Ojus Industries and Robert Thomas, as a result of a motor vehicle accident, We reverse.
Shortly after 11:00 p. m. on May 11,1973, several Florida highway patrolmen stopped a station wagon on the Florida turnpike. The station wagon parked in an emergency parking lane, about three feet from the edge of the southbound, righthand lane of traffic. One police car parked immediately *1056 behind the station wagon; another to the west of the station wagon; and still another to the west and south of the station wagon. Shortly thereafter, several other police officers arrived at the scene, two in unmarked cars, and parked to the west of the station wagon, some in front and some in back. All of the marked police vehicles had blue dome lights operating, and the vehicle parked immediately behind the station wagon also had its emergency rear lights flashing on and off.
The left front door of the station wagon was standing open; and as two police officers, Grady H. Brannam and Albert Sidney Vienne, started to enter the station wagon to search it, a truck, owned by Ojus and operated by Thomas, struck the left front door. Vienne was knocked over the hood of the vehicle, and Brannam attempted to jump on top of the station wagon. The truck stopped several hundred feet to the south and off to the right of the highway. Both Vienne and Brannam sustained personal injuries.
Thomas had earlier delivered a boat from Ft. Lauderdale to Jupiter and was returning to Ft. Lauderdale when the accident happened. At 6:00 p. m. Thomas consumed two 16 ounce cans of beer with a meal. Before leaving Jupiter he bought two small cans of beer and consumed them in his truck before the accident happened. He was given a breathalyzer test after the accident which registered .03 percent.
Thomas saw the group of police cars with lights flashing when he was six-tenths of a mile away and traveling 55 miles per hour in the righthand lane. He did not slow down or change lanes. The speed limit on the turnpike at the time was 70 miles per hour. Thomas testified that he never saw the station wagon and that his attention was focused on the police cars off the road. When his truck reached the scene it went into the emergency lane and struck the door of the station wagón with the right front edge of the truck’s bumper. The door was completely bent back with the impact, but the truck received minor damage according to the police officer who investigated the accident.
The issue is whether these facts are sufficient to sustain an award of punitive damages.
The evolution of the law regarding punitive damages in motor vehicle accident cases has been marked with difficulty in defining the line between negligence and culpable negligence. At one point the Florida Supreme Court defined culpable negligence as follows:
The elements of culpable negligence have been repeatedly defined as the omission to do something which a reasonable, prudent and cautious man would do, or the doing of something which such a man would not do under the circumstances surrounding the particular case.[1]
This definition today, of course, is applied only to “simple” negligence; and the above quote is virtually the identical language used in the Florida Standard Jury Instructions to define negligence.[2]
Culpable negligence is obviously something more than negligence. A more recent Supreme Court opinion on punitive damages states:
The intentional infliction of harm, or a recklessness which is the result of an intentional act, authorize punishment which may deter future harm to the public by the particular party involved and by others acting similarly. Cases in this category may be likened, in general terms, to culpable negligence in criminal proceedings.[3]
And culpable negligence as a basis for punitive damages has been defined by the Supreme Court:
The character of negligence necessary to sustain an award of punitive damages must be of “a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed *1057 to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.”[4]
This definition, boiled down to its simplest elements, is described in the Florida Standard Jury Instructions as involving:
. malice, moral turpitude, wantonness, wilfulness or reckless indifference to the rights of others. . . . [5]
For intoxication alone to justify an award of punitive damages the drinking driver must be shown to be “drunk.”[6] A legal presumption of drunkenness arises when a breathalyzer test shows a person’s blood alcohol content to be .10 percent or above.[7] And with a reading of .05 percent or below there is a presumption created that the driver was not intoxicated.[8] The facts of this case, including the showing that Thomas had a breathalyzer reading far below the legal presumption, clearly do not support an award of punitive damages on the basis of intoxication.
The appellees contend that the conduct of Thomas, in failing to reduce his speed or change lanes, is sufficient to support punitive damages. But under the facts, which showed Thomas’ lane of traffic to be clear of obstructions and his speed to be well under the limit, we do not feel such conduct crosses the line from simple to culpable negligence. Had Thomas continued in his lane at that rate of speed then no accident would have occurred. Instead, it appears that the accident was caused when Thomas, passing the scene, allowed his vehicle to cross into the emergency lane enough to strike the open door of the station wagon. This conduct clearly fell into the category of negligence but does not contain the elements of culpable negligence set out above. Rather, it would appear that the “collision was the result of momentary lapse or inattention or a mistake of judgment on the part of defendant.”[9]
Those portions of the judgments awarding punitive damages are stricken, and the judgments in all other respects are affirmed.
CROSS, J., and DRIVER, B. J., Associate Judge, concur.

. Fort v. State, 91 So.2d 637 (Fla.1956) at 638.

. Florida Standard Jury Instructions 4.1.

. Ingram v. Pettit, 340 So.2d 922 (Fla.1976) at 924.

. Carraway v. Revell, 116 So.2d 16 (Fla.1959) at 20.

. Florida Standard Jury Instructions 6.12.

. Ingram v. Pettit, supra note 3.

. § 322.262(2)(c), Fla.Stat. (1975).

. § 322.262(2)(a), Fla.Stat. (1975).

. Grimley v. State, 114 So.2d 630 (Fla. 1st DCA 1959) at 632-633.