HOBSON, Acting Chief Judge.
Petitioner seeks a writ of prohibition to prevent his trial on a charge of aggravated battery, arguing that he was previously placed in jeopardy for the same acts when he was convicted of manslaughter.
Petitioner was charged with the manslaughter of David Trass by striking him and causing him to fall to the ground. Although the information was subsequently amended to contain a second count charging petitioner with the aggravated battery of David Trass by striking him about the face, the trial judge permitted the state to try petitioner only on the manslaughter count. Nevertheless, the judge did grant petitioner’s request to instruct the jury on aggravated battery. The jury returned a verdict of guilty of manslaughter.
The state is now prosecuting petitioner on a separate information charging the aggravated battery of David Trass by striking him about the face. This aggravated battery information and the manslaughter information were based upon the same actions of petitioner.
Although petitioner made a motion to dismiss the aggravated battery information below, the trial judge denied the motion based upon the premise that the crime of manslaughter does not involve an intent element which is present in the crime of aggravated battery.
Following the filing of a writ of prohibition with this court, we issued an order to show cause and stayed the trial on the aggravated battery charge. Upon a study of the state’s response and the record before us, we now conclude that petitioner is entitled to a writ of prohibition.
Although there are no cases which specifically address the question of whether aggravated battery is a lesser included offense of manslaughter, this court has followed the ruling of our sister court in McCullers v. State, 206 So.2d 30 (Fla. 4th DCA 1968), by holding that aggravated assault is a lesser included offense of manslaughter. DuPree v. State, 310 So.2d 396 (Fla.2d DCA 1975). In McCullers, the court explained that culpable negligence as used in the manslaughter statute constituted reckless indifference to rights of others which is equivalent to the intentional violation of these rights. We stated in DuPree that the only element present in manslaughter by culpable negligence that is not present in the lesser included offense of aggravated assault is the death of the victim. If aggravated assault is a lesser included offense of manslaughter, we see no reason why aggravated battery would not also be a lesser included offense of manslaughter.
In the case before us, petitioner struck Trass about the head causing him to fall to the ground. As a result of petitioner’s actions, Trass died. The action which formed the basis both for the manslaughter and the aggravated battery charges was the striking of Trass by petitioner. At a trial on either charge, the evidence would necessarily include this striking. The only additional evidence required at a trial on the manslaughter charge would be showing the ultimate death of Trass. Thus, the crime of *1025 aggravated battery was included in the crime of manslaughter in this case.
Since aggravated battery constitutes a lesser included offense of manslaughter in this case, permitting the state to try petitioner on the charges of aggravated battery would be placing petitioner in jeopardy a second time for the same actions. This the state cannot do.
Thus, we grant the writ of prohibition preventing the trial court from trying petitioner on the aggravated battery charge.
PETITION GRANTED.
GRIMES and CAMPBELL, JJ., concur.