404 So.2d 816 (1981)
STATE of Florida, Appellant,
v.
Keith R. SHORETTE, Appellee.
No. 80-2095.
District Court of Appeal of Florida, Second District.
October 9, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Micheal A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellee.
CAMPBELL, Judge.
The state appeals from the lower court's dismissal of two counts of aggravated assault charged against appellee, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We affirm the dismissal.
*817 In his motion to dismiss, appellee alleged that he was driving a car with two passengers, one of whom would testify that he had been drinking and was driving in excess of the speed limit. After failing to negotiate a curve in the road, appellee struck an oncoming automobile, injuring the two occupants of the other vehicle. Both victims would testify they were in fear that appellee's car would collide with them, as they were unable to avoid the accident.
Additional facts were alleged in the state's demurrer, and appellee agreed to stipulate to them. These facts showed that appellee admitted taking intoxicants, drove at high rates of speed, and after the collision occurred, appellee made no attempt to return to the scene of the accident. Appellee moved to dismiss the two aggravated assault counts arguing that the state had failed to establish a prima facie case of his guilt because the undisputed facts clearly demonstrated that the information did not charge defendant with the specific intent necessary to constitute the offense charged. The trial court entered an order granting the motion from which the state appeals.
The state argues that aggravated assault is a general intent crime and cities Dupree v. State, 310 So.2d 396, 399 (Fla.2d DCA 1975) ("[T]he element of general intent in aggravated assault may be satisfied by proof of wilful and reckless disregard of the safety of others."). We note that the statute has been amended since that opinion and conviction of aggravated assault now requires proof of a specific intent to do violence to the person of another. §§ 784.011, 784.021, Fla. Stat. (1979). See State v. White, 324 So.2d 630 (Fla. 1975). See also J.C.M. v. State, 375 So.2d 873 (Fla.2d DCA 1979); Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979).
Generally, intent is not an issue to be decided on a (c)(4) motion to dismiss as it it usually inferred from the surrounding acts and circumstances. State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979). However, since appellee was charged with a specific intent crime and, as it was left as an undisputed fact that the state was relying upon a general intent, appellee therefore did not have the requisite intent to do violence to the accident victims and the trial court properly granted appellee's motion to dismiss.
AFFIRMED.
SCHEB, C.J., and GRIMES, J., concur.