632 So.2d 184 (1994)
Handy WATKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1466.
District Court of Appeal of Florida, Third District.
February 15, 1994.
*185 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joni Braunstein, Asst. Atty. Gen., for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
The defendant was put to a jury trial on an information charging him with second-degree murder by reason of striking the victim's head against a concrete or tile floor. At the close of all the evidence, the defendant indicated he was requesting no charge of lesser included offenses. The state then requested a charge of aggravated battery as a lesser included offense. The trial judge agreed and instructed the jury on aggravated battery by reason of causing great bodily harm or permanent disability to the victim, pursuant to section 784.045(1)(a)1., Florida Statutes (1991). The judge gave no instruction encompassing the use of a deadly weapon as proscribed by section 784.045(1)(a)2., Florida Statutes (1991). The jury found the defendant guilty of aggravated battery.
While the accusatory pleading may have placed the defendant on notice of possible aggravated battery by reason of striking the victim's head on a concrete or tile floor, i.e. a deadly weapon, the jury was instructed on the defendant's knowing and intentional cause of great bodily harm, for which there was no basis in the accusatory pleading. An instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense. State v. Von Deck, 607 So.2d 1388 (Fla. 1992); Brown v. State, 206 So.2d 377, 383 (Fla. 1968). For this reason, the jury charge was erroneous, and the defendant is entitled to a new trial on only the lesser included offense of aggravated battery. This analysis obviates any reason to reach the defendant's remaining point. Accordingly, the judgment of conviction is reversed and the cause remanded for new trial.