SUAREZ, J.
 

 Jimmy Lester appeals a conviction and sentence for aggravated battery as a lesser included offense of manslaughter. We affirm.
 

 On October 22, 2006, after a verbal altercation between Lester and the victim, both laborers who were resurfacing a funeral home parking lot, the defendant punched the victim in the side of the face while the victim was bending over and spreading asphalt. The victim fell on the back of his head and lost consciousness. A few days after the incident, the victim went to the hospital with breathing problems and it was discovered that his jaw was fractured. He died three days after being admitted to the hospital due to complications of blunt force trauma according to the medical examiner. The defendant was charged with second-degree murder. At the close of the evidence presented at trial, the defendant moved for judgment of acquittal on second-degree murder. The trial court granted the motion and reduced the charge to manslaughter. After a denial of a motion for judgment of acquittal on
 
 *624
 
 the manslaughter charge, the case proceeded to the jury on manslaughter. Both the State and the defense agreed to instructions on the lesser included offenses of aggravated battery, felony battery and battery. No objections to any of the instructions were raised. The trial judge instructed the jury on manslaughter, and, as lesser included offenses, aggravated battery, felony battery and battery. The jury returned a verdict of guilty of aggravated battery as a lesser included offense of manslaughter. The defendant was adjudicated guilty and sentenced as a habitual offender to fifteen years in State prison followed by five years of administrative probation. He now appeals his conviction and sentence. We affirm.
 

 The defendant argues on appeal that the charge of second-degree murder, as alleged in the information, did not include all of the necessary elements of aggravated battery, specifically, the intent to cause great bodily harm,
 
 see
 
 § 784.045, Fla. Stat. (2006); Fla. Std. Jury Instr. (Crim.) 8.4. Therefore, the defendant contends that the trial court committed fundamental error in instructing the jury on aggravated battery as a lesser included offense. The information charged the defendant with second degree murder. It alleged that the defendant killed the victim by punching him in the face. Killing the victim by punching him in the face sufficiently alleges great bodily harm.
 
 [1]
 
 To support his argument, the defendant relies on
 
 Watkins v. State,
 
 632 So.2d 184 (Fla. 3d DCA 1994). We distinguish
 
 Watkins
 
 and reject the defendant’s contention.
 

 We have taken judicial notice of the briefs in the
 
 Watkins
 
 case, and find that there is an error in the opinion. The defense brief and the State’s brief both agree that Watkins was charged with attempted second degree murder. It appears that through typographical error, the word “attempted” was omitted from this court’s opinion, with the result that the opinion incorrectly states that the charge was second degree murder. As quoted in Watkins’ brief, the defendant was charged with attempted second degree murder by “repeatedly striking the head of Chenita Bradham against a tile and/or concrete floor, in violation of 777.04 and 782.04, Fla. Stat.; ...” While the information alleged that the defendant repeatedly struck the victim’s head against a tile or concrete floor, the information did not allege that the victim had sustained great bodily harm or permanent disability. The
 
 Watkins
 
 panel held that the trial court should not have given a jury instruction on aggravated battery by reason of the defendant’s knowing and intentional causing of great bodily harm because there was no allegation of great bodily harm in the accusatory pleading.
 
 Watkins,
 
 632 So.2d at 185.
 
 [2]
 

 See Andrews v. State,
 
 679 So.2d 859 (Fla. 1st DCA 1996) (where defendant was charged with attempted first degree murder by stabbing the victim with a knife,
 
 *625
 
 court should not have given an instruction on the lesser offense of aggravated battery by causing great bodily harm, because the information contained no allegation that the defendant had caused great bodily harm).
 

 With the foregoing clarification, it is clear that
 
 Watkins
 
 is inapplicable to the present case. In the present case, unlike
 
 Watkins,
 
 the victim died. The information specifically alleged that the defendant killed the victim by punching him in the face. An allegation that the defendant killed the victim sufficiently alleges great bodily harm for purposes of the aggravated battery statute. For that reason, there was no error, and we need not address the test for fundamental error contained in
 
 Ray v. State,
 
 403 So.2d 956 (Fla.1981).
 
 [3]
 

 Affirmed.
 

 [1]
 

 . The information stated:
 

 JIMMY LEE LESTER, on or about October 22, 2006, in the County and State aforesaid, did unlawfully, feloniously and by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, kill FRANCES GROVER, a human being, by PUNCHING HIM IN THE FACE, in violation of section 782.04(2), Fla. Slat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
 

 [2]
 

 . The State did not request, and the trial court did not give, an instruction stating that the defendant could be found guilty of aggravated battery by reason of using the tile or concrete floor as a deadly weapon.
 
 Id..; see
 
 § 784.045(l)(a)2., Fla. Stat.
 

 [3]
 

 . No argument has been made that it was impermissible to instruct on aggravated battery as a lesser included offense of manslaughter. “Lesser included offenses are determined on the elements of the offenses, not on the penalties attached.”
 
 Carle v. State,
 
 983 So.2d 693, 695 (Fla. 1st DCA 2008) (citing
 
 Sanders v. State,
 
 944 So.2d 203 (Fla.2006));
 
 see also Michaels v. Swanson,
 
 403 So.2d 1023 (Fla. 2d DCA 1981) (holding that aggravated battery is a lesser included offense of manslaughter).