# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4548

_____

United States of America

*Plaintiff - Appellee*

v.

Reuben Stewart

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 11, 2017
Filed: February 21, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

PER CURIAM.

Reuben Stewart appeals the district court's[1] determination that his Florida conviction for aggravated assault qualifies as a violent felony under the Armed Career

---

[1] The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Criminal Act (ACCA), 18 U.S.C. § 924(e). He argues that the mens rea element of Florida aggravated assault is not enough to qualify as "use" of physical force. We review the district court's application of the ACCA de novo. United States v. Walker, 840 F.3d 477, 489 (8th Cir. 2016).

A previous conviction qualifies as a "violent felony" under the ACCA if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). To determine whether Florida aggravated assault is a "violent felony" under the ACCA, we use "the formal categorical approach and look only to the fact of conviction and the statutory definition of the prior offense." United States v. Fogg, 836 F.3d 951, 954 (8th Cir. 2016) (quoting United States v. Schaffer, 818 F.3d 796, 797 (8th Cir. 2016)).

Florida law defines aggravated assault as "an assault (a) [w]ith a deadly weapon without an intent to kill; or (b) [w]ith an intent to commit a felony." Fla. Stat. § 784.021(1).[2] "An 'assault' is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1). The Florida courts have held that the state can satisfy the mens rea element of aggravated assault by proving that the defendant acted with "culpable negligence," which means:

> [C]onduct of a gross and flagrant character, evincing reckless disregard of human life or the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an

---

[2]Aggravated assault is a third-degree felony in Florida. Fla. Stat. § 784.021(2).

intentional violation of them. Momentary inattention or a mistake of judgment does not constitute culpable negligence.

DuPree v. State, 310 So. 2d 396, 398 (Fla. Dist. Ct. App. 1975) (citations omitted).

Stewart argues only that Florida aggravated assault cannot be a violent felony because it requires mere negligence. While "merely accidental or negligent conduct" might not be a violent felony, see Leocal v. Ashcroft, 543 U.S. 1, 11 (2004), reckless conduct can, in certain circumstances, be a "use" of physical force. United States v. Fields, 863 F.3d 1012, 1015 (8th Cir. 2017); see also Fogg, 836 F.3d at 956. And although the Florida courts describe the mens rea element of aggravated assault as including "culpable negligence," the definition of that phrase makes clear that they are really talking about recklessness. DuPree, 310 So. 2d at 398 (requiring "reckless disregard," "indifference to consequences," or "reckless indifference to the rights of others").

We affirm the judgment of the district court.[3]

_____

_____

[3]Because we reject Stewart's argument using the categorical approach, we need not reach the district court's alternative use of the modified categorical approach.