# Third District Court of Appeal

## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0402
Lower Tribunal No. F22-19396
_____

**Wilson Verela,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariel Rodriguez, Judge.

Carlos J. Martinez, Public Defender and Shannon Hemmendinger, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General and Tayna Alexander and Lara E. Breslow, Assistant Attorneys General (Tampa), for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

GORDO, J.

Wilson Verela ("Verela") appeals from a final judgment of conviction and sentence for aggravated battery with a deadly weapon, a permissive lesser-included offense of attempted second degree murder, the crime with which he was charged. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A); 9.140(b)(1)(A). For the reasons that follow, we reverse.

## I.

Verela was charged by amended information with attempted second degree murder. Specifically, the information charged that Verela did "attempt to kill JUAN RAFAEL JIRON, a human being, by stabbing." The information did not allege the use of a deadly weapon.

At the charge conference, the State sought jury instructions on the lesser-included offenses of attempted manslaughter and aggravated battery. The trial court agreed and instructed the jury on attempted manslaughter and aggravated battery with a deadly weapon, as proscribed by section 784.045(1)(a)(2), Florida Statutes. The court gave no instruction on aggravated battery by reason of causing great bodily harm to the victim, pursuant to section 784.045(1)(a)(1), Florida Statutes.

Verela was found guilty of aggravated battery with a deadly weapon and sentenced to twenty-one (21) months' imprisonment followed by six (6) months' probation. This appeal followed.

2

## II.

On appeal, Verela argues the State's charging document did not allege the essential elements of aggravated battery with a deadly weapon, and he cannot stand convicted of a crime which the State did not charge.

In Florida, "[l]esser-included offenses fall within two categories: (1) category one necessary lesser-included offenses; and (2) category two permissive lesser-included offenses." Daniel v. State, 137 So. 3d 1181, 1183 (Fla. 3d DCA 2014). In order for the trial court to instruct the jury on a category two permissive lesser-included offense, "the indictment or information must allege *all* the statutory elements of the subject lesser offense, and the evidence at trial must establish each of these elements." Jones v. State, 666 So. 2d 960, 963 (Fla. 3d DCA 1996) (citing Brown v. State, 206 So. 2d 377 (Fla. 1968)).

The reason for these rules is very clear: to preserve a defendant's right to due process. "The purpose of an information is to inform the accused of the charge(s) against him, so that the accused will have an opportunity to prepare a defense." Robinson v. State, 215 So. 3d 1262, 1271 (Fla. 1st DCA 2017). "An information must allege each of the essential elements of a crime to be valid" and "[n]o essential element should be left to inference." State v. Dye, 346 So. 2d 538, 541 (Fla. 1977). "[D]ue process prohibits a defendant

3

from being convicted of a crime not charged in the information or indictment."

Crain v. State, 894 So. 2d 59, 69 (Fla. 2004); see also Aaron v. State, 284 So. 2d 673, 677 (Fla. 1973) ("The right of persons accused of serious offenses to know, before trial, the specific nature and detail of crimes they are charged with committing is a basic right guaranteed by our Federal and State Constitutions."); Long v. State, 92 So. 2d 259, 260 (Fla. 1957) ("[W]here an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment."); Lewis v. State, 53 So. 2d 707, 708 (Fla. 1951) ("No principle of criminal law is better settled than that the State must prove the allegations set up in the information or the indictment.").

Aggravated battery, the requested lesser-included offense, is a category two permissive lesser-included offense of attempted second degree murder and is statutorily defined as follows:

> A person commits aggravated battery who, in committing battery:
>
> 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; **or**
>
> 2. **Uses a deadly weapon.**

§ 784.045(1)(a), Fla. Stat. (emphases added).

4

As set forth in the statute, there are two ways the State can charge a defendant with aggravated battery. It can allege the defendant: (1) intentionally caused great bodily harm; or (2) used a deadly weapon in the commission of a battery. "An instrument that will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design is a deadly weapon." Michaud v. State, 47 So. 3d 374, 376 (Fla. 5th DCA 2010). "However, an object can also be found to be a deadly weapon if used or threatened to be used in a way likely to produce death or great bodily harm." Id. "Whether an object is a deadly weapon is generally a question of fact to be determined by the jury."[1] Id.

Here, the amended information alleged only that Verela attempted to kill the victim "by stabbing." There was no allegation in the information that the crime occurred through Verela's use of a deadly weapon. The

---

[1] In Florida, only a firearm has been held to be a deadly weapon as a matter of law. See Miller v. State, 613 So. 2d 530, 531 (Fla. 3d DCA 1993) ("A firearm is, by definition, a deadly weapon[.]"). In contrast, "[w]hile a knife is a weapon, it is not necessarily a deadly weapon." Howard v. State, 698 So. 2d 923, 925 (Fla. 4th DCA 1997). Its use determines whether it falls within this category. See, e.g., Vincente v. State, 669 So. 2d 1119, 1120 (Fla. 3d DCA 1996) (screwdriver constituted deadly weapon where it was employed by defendant as a knife with which to stab victim); Coronado v. State, 654 So. 2d 1267, 1270 (Fla. 2d DCA 1995) (sticks used to repeatedly strike victims constituted deadly weapons); Fletcher v. State, 472 So. 2d 537, 539 (Fla. 5th DCA 1985) (razor blade held to victim's throat during attempted robbery could be found to be deadly weapon).

information did not allege that Verela used a knife or any object whatsoever in a way likely to produce death or great bodily harm, and it did not reference section 775.087(1).[2]  In other words, the information did not assert, except through inference, facts showing that Verela committed aggravated battery by using a deadly weapon.[3]

We are bound by established precedent that it is error to give an instruction on a permissive lesser-included offense unless the accusatory pleading specifically alleges every statutory element of that offense.  See

[2] The reclassification/enhancement statute.

[3] While the dissent posits that charging an attempt to kill "by stabbing" places the defendant on notice of possible aggravated battery by reason of using a deadly weapon, one can think of many ways in which that is not true.  For example, in a case where the defendant is alleged to have attempted to kill the victim by stabbing and the evidence at trial is that the defendant used a metal credit card, the words "by stabbing" alone do not place the defendant on notice of the deadly weapon theory of aggravated battery.  The defendant may know from the evidence what object was used, however, the theory of the offense the State intends to rely on at trial is not readily apparent from the charging document itself.  In such a case, the information would need to allege the use of a metal credit card, an object that is not inherently a deadly weapon, in a way likely to produce death or great bodily harm, such as by stabbing the victim in the neck with a deadly weapon, to-wit: a metal credit card, to properly apprise the defendant of the offense.  See Watkins v. State, 632 So. 2d 184, 185 (Fla. 3d DCA 1994) ("An instruction cannot be given on a permissive lesser included offense unless **both** the accusatory pleading and the evidence support the commission of that offense.") (emphasis added); Leeman v. State, 357 So. 2d 703, 705 (Fla. 1978) ("The purpose of an information is to fairly apprise [the] defendant of the offense with which he is charged.").

6

Watkins, 632 So. 2d at 185.  Because the amended information did not sufficiently allege commission of aggravated battery by using a deadly weapon as it did not allege Verela's use of a knife,[4] we find the trial court erred in instructing the jury on this theory.  We therefore reverse the conviction and remand with instructions for the trial court to enter a verdict for the lesser-included offense of simple battery and resentence Verela accordingly.  See Jaimes v. State, 51 So. 3d 445, 448 (Fla. 2010) ("It is a fundamental principle of due process that a defendant may not be convicted of a crime that has not been charged by the state."); Von Deck, 607 So. 2d at 1389 ("Florida law is well settled that the elements of an offense cannot be established by mere inference.  Moreover, we expressly have said that an instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense."); Andrews v. State, 679 So. 2d 859, 859 (Fla.

---

[4] We agree with the dissent that there is certainly sufficient evidence in the record to support an instruction on aggravated battery with a deadly weapon in this case.  The law is clear, however, that the accusatory pleading must also allege all the statutory elements of a permissive lesser-included offense. Our Florida Supreme Court has held that "the elements of an offense cannot be established by mere inference."  State v. Von Deck, 607 So. 2d 1388, 1389 (Fla. 1992).  Where, as here, the information does not contain an allegation that an aggravated battery occurred, or that the defendant used a deadly weapon, it is error for a jury instruction to be given on that uncharged theory.

1st DCA 1996) (concluding that an information charging attempted first degree murder by stabbing **with a knife** alleged aggravated battery by using a deadly weapon but "[b]ecause the information did not sufficiently allege commission of aggravated battery by causing great bodily harm, the trial court erred in instructing the jury" on the great bodily harm theory of aggravated battery) (emphasis added); <u>Levesque v. State</u>, 778 So. 2d 1049, 1050 (Fla. 4th DCA 2001) ("The information did not allege that Levesque intentionally or knowingly caused great bodily harm. It is error to give a jury instruction on a permissive lesser included offense unless the accusatory pleading alleges all the elements of the lesser offense. Accordingly, the trial court erred by improperly instructing the jury that Levesque could be found guilty of aggravated battery."); <u>Jaimes</u>, 51 So. 3d at 452 ("[W]hile the information did not charge the form of aggravated battery on which the jury based its conviction, the elements of simple battery were both supported by the charging document and the proof at trial, and each element of the offense was determined by the jury beyond a reasonable doubt. We may therefore direct that Jaimes's case be remanded to the trial court with instructions to enter a verdict for the lesser included offense of simple battery.").

Reversed and remanded with instructions.

LOBREE, J., concurs.

8

LINDSEY, J., dissenting.

I respectfully dissent.

The State's Amended Information alleged that the Defendant, Wilson Verela, did "attempt to *kill* JUAN RAFAEL JIRON, a human being, by *stabbing*." (Emphasis added). It takes no "inference," Majority Op. at 6, to conclude that Verela was alleged to have committed aggravated battery by using a deadly weapon. The words "kill" and "stabbing" provide all the express language needed to charge that permissive lesser-included offense. The phrase "by an act imminently dangerous to another" further buttresses the legal sufficiency of the allegation.

"[A]n instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense." State v. Von Deck, 607 So. 2d 1388, 1389 (Fla. 1992). Here, the sufficiency of the evidence is undisputed, and the charging document sufficiently "supported" the commission of aggravated battery with a deadly weapon. Accordingly, Verela's conviction should be affirmed.

This Court has upheld convictions in the face of analogous challenges after Von Deck on multiple occasions—and for good reason. In Washington v. State, 912 So. 2d 344 (Fla. 3d DCA 2005), the defendant was originally

9

charged with second-degree murder but was convicted on the lesser-included offense of attempted aggravated battery. On appeal, Washington argued that the information failed to allege the "great bodily harm" element of attempted aggravated battery. Id. at 346. This Court affirmed, holding that the instruction was proper because the information sufficiently alleged the elements of the "deadly weapon" theory: "the information . . . did allege that [defendant] discharged a firearm. Thus, the charging document provided a basis for the trial court's instruction on attempted aggravated battery." Id.

In Lester v. State, 25 So. 3d 623 (Fla. 3d DCA 2009), the defendant was convicted of aggravated battery after the information charged him with manslaughter. On appeal, he argued that the information failed to include the "intent to cause great bodily harm" element of aggravated battery. Id. at 624. This Court affirmed: "The information . . . alleged that the defendant killed the victim by punching him in the face. Killing the victim by punching him in the face sufficiently alleges great bodily harm." Id.

This case is analogous to Washington and Lester. The Information alleged that Verela did "by an act imminently dangerous . . . attempt to kill JUAN RAFAEL JIRON, a human being, by stabbing."

The Oxford English Dictionary defines "stab" as "to wound (often to kill) with a thrust of a pointed weapon (chiefly, with a short weapon, as a dagger)."

10

10 <u>The Oxford English Dictionary</u> 752 (1st ed. 1933).  Merriam-Webster's Collegiate Dictionary defines "stab" as "to wound or pierce by the thrust of a pointed weapon."  <u>Merriam-Webster's Collegiate Dictionary</u> 1142 (10th ed. 1999).  The Cambridge English Dictionary online defines "stab" as "to injure someone with a sharp pointed object such as a knife."  <u>Stab</u>, <u>Cambridge English Dictionary</u>, www.dictionary.cambridge.org/us/dictionary/english/stab (last visited March 3, 2025).

The Oxford English Dictionary defines "kill" as "to put to death; to deprive of life; to slaughter. In early use implying personal agency and use of a weapon; later, extended to any means or cause which puts an end to life, as an accident, over-work, grief, drink, a disease, etc."  5 <u>The Oxford English Dictionary</u> 692 (1st ed. 1933).  According to Merriam-Webster, "kill" is "to deprive of life."  <u>Merriam-Webster's Collegiate Dictionary</u> 642 (10th ed. 1999).  And the Cambridge English Dictionary defines "kill" as "to cause someone or something to die."  <u>Kill</u>, <u>Cambridge English Dictionary</u>, www.dictionary.cambridge.org/us/dictionary/english/kill (last visited March 3, 2025).  Thus, the words "kill" and "stabbing" facially and expressly support committing battery through use of a deadly weapon.

Verela's strongest support comes from <u>Jaimes v. State</u>, 51 So. 3d 445 (Fla. 2010).  In <u>Jaimes</u>, the defendant was charged with aggravated battery

by an information that explicitly only charged the "deadly weapon" theory and made no mention of "great bodily harm." Id. at 447. The trial court nevertheless instructed the jury on both theories and provided it "a verdict form which allowed it to specifically choose between the two forms of aggravated battery." Id. The jury found Jaimes guilty of aggravated battery by great bodily harm, *not* deadly weapon. The Florida Supreme Court reversed his conviction, holding that he could not be convicted of the uncharged version of the offense. Id. at 451. However, Jaimes is distinguishable. The information in that case did not allege the "great bodily harm" element in any way. Here, as explained above, the language in the Information sufficiently alleged the use of a deadly weapon by alleging that Verela engaged in an imminently dangerous act of attempting to kill by stabbing a human being.

The majority also cites Andrews v. State, 679 So. 2d 859 (Fla. 1st DCA 1996) and Levesque v. State, 778 So. 2d 1049 (Fla. 4th DCA 2001). It is well-settled that "as between District Courts of Appeal, a sister district's opinion is merely persuasive." Pardo v. State, 596 So. 2d 665, 667 (Fla. 1992) (quoting State v. Hayes, 333 So. 2d 51, 53 (Fla. 4th DCA 1976)). Moreover, Andrews and Levesque are not persuasive on our facts. In Andrews, the First District held that the information alleging attempted

murder by stabbing with a knife *did* sufficiently allege aggravated battery with a deadly weapon, reversing only due to concerns about the "great bodily harm" instruction. 679 So. 2d at 859. Indeed, Levesque directly contradicts Lester, the controlling precedent in our District.[1] What unites Andrews, Levesque, and Jaimes is that none is both binding and on point. All three found error in the "great bodily harm" instruction, not the "deadly weapon" instruction. In fact, Andrews and Jaimes both found the deadly weapon instruction to be proper. Of the three, only the distinguishable Jaimes is binding on this Court.

Accordingly, I would affirm the conviction and sentence.

---

[1] In Levesque, the Fourth District held that the information, which "charged Levesque with second degree murder by striking or kicking the victim in the head," did not sufficiently allege great bodily harm. 778 So. 2d at 1050. In Lester, this Court held: "The information specifically alleged that the defendant killed the victim by punching him in the face. An allegation that the defendant killed the victim sufficiently alleges great bodily harm for purposes of the aggravated battery statute. For that reason, there was no error . . . ." 25 So. 3d at 625.